**L.C. ACHIMON, Appellant,**

v.

**J.I. CASE CREDIT CORPORATION, Appellee.**

No. 05–85–01025–CV.

Court of Appeals of Texas, Dallas.

June 19, 1986.

Rehearing Denied Aug. 20, 1986.

R.J. Hagood, Denison, for appellant.

Tom D. Matthews, Jr., Melanie S. McMillen, Dallas, for appellee.

Before STEPHENS, DEVANY and McCRAW, JJ.

DEVANY, Justice.

J.I. Case Credit Corporation (Case), appellee, was the assignee of a retail installment contract which represented a debt owing from L.C. Achimon, appellant, resulting from the purchase by Achimon of equipment from Wells Brothers Equipment Company. The debt was secured by the equipment purchased. Subsequent to the assignment to Case, Achimon entered into an extension agreement with Case calling for three installment payments. Achimon defaulted on the first installment, and Case repossessed the equipment and sold it. Thereafter, Case sued Achimon for a claimed deficiency.

Case was granted a summary judgment against Achimon who appeals, assigning three points of error. For the reasons stated below, we reverse the judgment of the trial court and remand the case for trial.

In Achimon's first and second points of error, he complains that Case has failed to establish that Achimon was notified of the sale of the repossessed collateral or that it was disposed of in a commercially reasonable manner pursuant to the Business and Commerce Code.

## APPLICABILITY OF RULE 185

Case filed a sworn petition reciting that its pleading was "a sworn statement of account" under "Rule 185 of the Texas Rules of Civil Procedure." Case described the installment contract and its security interest and alleged that it had perfected such by filing a financing statement. Case alleged that it was assigned the contract and security interest from the dealer who sold the equipment to Achimon and that upon default it had the right to repossess the equipment. Case further alleged in its sworn petition that it had the right to sell the "retaken property at public or private sale in accordance with the Uniform Commercial Code (Texas Business and Commerce Code)." It is this last allegation that Achimon uses in his attack, first claiming that the Business and Commerce Code requires notice to him of a sale of the equipment. He refers us to section 9.504(c) of the Code, which provides in pertinent part:

> [E]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

TEX. BUS. & COM. CODE ANN. § 9.504(c) (Vernon Supp.1986).

Achimon, however, did not file his written denial *under oath* pursuant to rule 185, and Case relies on this failure as its basis for summary judgment. It would normally have been Case's burden to establish that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. TEX.R.CIV.P. 166–A(c). In its motion for summary judgment, however, Case failed to allege that it notified Achimon or sold the collateral in a commercially reasonable manner pursuant to the Business and Commerce Code and supplied no summary-judgment proof whatever to support its motion. Case argues that it was not required to supply summary-judgment proof because its claim was predicated on a sworn account under rule 185 of the Texas Rules of Civil Procedure. Case contends that rule 185 established its cause of action based upon its sworn pleading since Achimon did not file a written denial under oath and, therefore, its allegations in its sworn pleading should be taken as prima facie evidence of the truth thereof in the absence of a sworn denial.

■ Rule 185 includes among the types of cases within its scope a "claim for a liquidated money demand based upon a written contract." Had Case in its sworn petition pleaded the elements necessary to make its claim "a liquidated money demand," then the failure of Achimon to deny under oath such elements would have presented a different set of facts. For example, if Case had additionally stated in its petition facts showing its compliance with the Code, including the date it had given proper notice to Achimon, or the reasons why it was excused from giving such notice because of the exceptions in the Code, and the sale of the property on a certain date subsequent to such required notice in a commercially reasonable manner, then the proceeds from the sale could have been properly determined and the resulting deficiency, after crediting Achimon's account with those proceeds, would have been liquidated. A claim is liquidated if the amount of damages can be accurately calculated by the court, or under its direction, from the allegations contained in a plaintiff's petition and instruments in writing. *Stark v. Nationwide Financial Corp.*, 610 S.W. 193, 194 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ).

■ Therefore, we hold that Case failed to state a sworn account under rule 185 and that the lack of a written denial under oath by Achimon did not establish that the sale of the collateral was made pursuant to the Business and Commerce Code.

### SUMMARY JUDGMENT PROOF

 Case's petition shows that the instant case is based upon a contract involving a security interest in collateral which could be sold pursuant to the provisions of the Business and Commerce Code. In order for a creditor in a secured transaction to recover for a deficiency after disposition of collateral, he must first comply with the provisions of section 9.504(c) of the Business and Commerce Code. *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 772 (Tex.1982). Since Case's own pleading raised the question whether the provisions of Code section 9.504(c) were complied with, it had the burden under rule 166–A(c) to establish by proper summary-judgment proof that the prescribed notice was given, or the facts that would excuse such a notice within the provisions of that section, and that the sale was commercially reasonable. Whether the sale was commerically reasonable is a question of fact. *Food City, Inc. v. Fleming Companies, Inc.*, 590 S.W.2d 754, 760 (Tex.Civ.App.—San Antonio 1979, no writ). Since Case presented no summary-judgment proof in support of its motion for summary judgment, but instead relied upon its sworn pleading which did not comply with rule 185, it failed to carry its burden. We note that an account insufficient on its face as a verified open account under rule 185, T.R. C.P., will not support a judgment by default as against a direct attack by writ of error. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168, 170 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). The Business and Commerce Code has clear requirements to be met which were not established by summary-judgment proof.

In conclusion, we hold that the disposition of collateral in the instant case was controlled by the Business and Commerce Code and that the deficiency arising therefrom was not proven by Case and was not a "liquidated money demand" as that term is used in rule 185 since the offsetting credit for the proceeds from the sale of the equipment held by Case as security had to be determined in accordance with the strict language of section 9.504(c) of the Business and Commerce Code. Case failed to submit summary judgment proof to establish that the proceeds from the sale of the equipment were determined in accordance with that Code section. Accordingly, we sustain Achimon's first and second points of error.

In his third point of error, Achimon claims that the trial court erred in overruling his motion to transfer this case to Grayson County. However, that motion is not before us and, therefore, there is nothing to review. We overrule his third point of error.

We reverse the judgment of the trial court and remand the case for trial on the merits.

STEPHENS, Justice, concurring.

Although I concur in the result reached by the majority, I disagree with the conclusion and holding that the deficiency arising from the disposition of the collateral "was not a 'liquidated money demand' as that term is used in rule 185."

Rule 185 is a procedural rule and does not create a substantive cause of action. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979). It is designed to facilitate the presentation of evidence by providing that, absent verified denial, the pleadings, if they conform to the rule and are pleadings of facts rather than mere conclusions, constitute prima facie evidence of the justness of the claim, avoiding the necessity of further proof. *See Gallini v. Whelan*, 625 S.W.2d 755, 760 (Tex.App.—San Antonio 1982, no writ); *Edwards Advertising Agency, Inc. v. Morphey*, 525 S.W.2d 56, 58–59 (Tex.Civ.App.—Tyler 1975, no writ); *Vahlsing Christina Corp. v. Ryman Well Service, Inc.*, 512 S.W.2d 803, 809–10 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

Appellee pled all of the facts of the sale, assignment, contents of the contract, failure of appellant to pay installments when due, repossession, sale, credit of the sales

proceeds, and the remaining balance due. However, appellee failed to set forth *facts* regarding notice of sale or *facts* of a commercially reasonable sale. Appellee's only pleading concerning these matters was that all conditions precedent as to the contract and as to the Texas Business and Commerce Code were satisfied.

Before a party may recover a deficiency judgment after repossession and sale of collateral security, the party must show that reasonable notice was given pursuant to section 9.504(c) of the Texas Business and Commerce Code. *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 772 (Tex.1982). The secured party also bears the burden of showing that the sale was commercially reasonable. *Sunjet Inc. v. Ford Motor Credit Co.*, 703 S.W.2d 285, 286 (Tex.App.—Dallas 1985, no writ). The question of whether a sale is commercially reasonable is a question of fact. *Food City, Inc. v. Fleming*, 590 S.W.2d 754, 760 (Tex.Civ.App.—San Antonio 1979, no writ); *Pruske v. National Bank of San Antonio*, 533 S.W.2d 931, 937 (Tex.Civ.App.—San Antonio, no writ); *Christian v. First National Bank of Weatherford*, 531 S.W.2d 832, 838 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

Although appellee pled that all conditions precedent as to the contract and the Texas Business and Commerce Code were met, the pleadings in this regard are mere conclusions. Appellee set forth no facts in its pleadings regarding notice of sale or commercial reasonableness of the sale. This failure does not render appellee's claim for a deficiency "not a 'liquidated money demand' as that term is used in rule 185;" rather, the failure to plead sufficient facts results in a deficiency of proof, and accordingly, judgment cannot be awarded under rule 185.