**BEXAR COUNTY NATIONAL BANK OF SAN ANTONIO, Petitioner,**

**v.**

**Dr. Roger HERNANDEZ, Respondent.**

No. C–5540.

Supreme Court of Texas.

Sept. 10, 1986.

Robert E. Etlinger, Soules & Reed, San Antonio, for petitioner.

Warren N. Weir, Weir & Alvarado, San Antonio, for respondent.

ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Robert Hernandez and Larry Thompson signed an agreement to guarantee the repayment of loans made by Bexar County National Bank of San Antonio to Lotus Southwest, Inc., a corporation formed to sell Lotus automobiles. Lotus, Inc. defaulted on the notes and the bank repossessed the remaining automobiles which were collateral securing the note.

Six months later the co-guarantor Thompson worked out an arrangement with the bank to take possession of the automobiles in order to repair them for resale. Ultimately, the autos were sold to third parties with the proceeds going to the bank to reduce the amount due on the notes.

Bexar County National Bank then sued Robert Hernandez for his part of the deficiency on the note. The trial judge rendered judgment for the bank. The court of appeals reversed the judgment and rendered for Hernandez, holding that the bank's failure to give notice to Hernandez of the transfer of the automobiles precluded the bank from a deficiency judgment against him. 710 S.W.2d 684.

We refuse the application for writ of error, no reversible error. However, we disapprove of the conclusion in the court of appeals' opinion that because "[t]he bank ... made a disposition of the collateral to Thompson without notice to Hernandez," a deficiency action was barred. 710 S.W.2d at 687.

It is true that when secured parties dispose of collateral they are ordinarily required to give notice to the debtors. *First City Bank—Farmers Branch, Texas v. Guex*, 677 S.W.2d 25 (Tex.1984). But, section 9.504(e) of the Texas Business and Commerce Code specifically provides:

A person who is liable to a secured party under a *guarantee*, endorsement, repurchase agreement or the like and who receives a transfer of collateral from the secured party or is subrogated to his

rights has thereafter the rights and duties of the secured party. *Such a transfer of collateral is not a sale or disposition of the collateral under this chapter.* (Emphasis added).

The bank's transfer to Thompson, a guarantor, was not by statutory definition a sale or disposition subject to notice requirements of § 9.504(c). It was Thompson's sale of the automobiles for the bank to third parties which required notice to Hernandez, which notice was likewise not given.