727 S.W.2d 723 (1987)
Sherman W. HART, et al., Appellants,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ESTERVILLE & EMMETTSBURG, IOWA, Appellee.
No. 3-86-088-CV.
Court of Appeals of Texas, Austin.
March 18, 1987.
*724 Roy G. Scudday, Fielder & Scudday, Lockhart, for appellants.
David C. Duggins, Clark, Thomas, Winters & Newton, Austin, for appellee.
Before POWERS, GAMMAGE and CARROLL, JJ.
POWERS, Justice.
Appellants Sherman W. Hart and Ralph E. Reed appeal from that part of the trial court's summary judgment which declares that they take nothing by their suit against appellee First Federal Savings & Loan Association of Esterville and Emmettsburg, Iowa. We will affirm the trial-court judgment.

THE CONTROVERSY
Appellants entered into a written contract of guaranty wherein they agreed unconditionally to pay when due the debt owed by Hart-Reed, Inc. to appellee, whether the debt be evidenced by an original promissory note described in the contract or any subsequent note given in renewal, extension, or "rearrangement" of the debt. The corporation failed to pay the debt at maturity and appellee sued appellants on their guaranty contract. The principal debtor, the corporation, was not joined in the suit. We are informed in appellants' brief that the corporation is the debtor in a bankruptcy proceeding governed by 11 U.S. C.A. § 1101 et seq. (West 1979 & Supp. 1987).
In answer to appellee's pleading on the guaranty contract, appellants interposed several defensive pleas and a counterclaim against appellee. In the counterclaim, they *725 averred the statutory cause of action given a "consumer" by § 17.50(a) of Tex.Bus. & Com.Code Ann. (Supp.1987), a section of the Deceptive Trade Practices-Consumer Protection Act. That section authorizes a "consumer" to recover against another for any of several specified wrongs if they "constitute a producing cause of actual damages...." The damages averred were incurred by the principal debtor, Hart-Reed, Inc., and not by appellants. It is undisputed that neither appellant was literally a "consumer" entitled to bring the action. Finally, appellants do not challenge the authenticity of the principal debtor's corporate character. The issue on appeal is whether appellants were entitled to bring or benefit from the statutory cause of action belonging to the principal debtor.
On appellee's motion for summary judgment, the trial court awarded appellee recovery against appellants on their guaranty contract, and adjudged that appellants take nothing by their counterclaim against appellee. Appellants appeal to this Court on a single point of error relating solely to the trial court's adverse judgment on their counterclaim against appellee.
In appellants' point of error, they contend they were entitled to assert against appellee the principal debtor's statutory cause of action under § 17.50(a); and, in consequence, the trial court erred in its judgment to the contrary. Appellants' in their brief argue they were entitled to bring that action against appellee either by way of an affirmative recovery or by way of a set-off or recoupment against any sum appellee was entitled to recover against them on their guaranty contract.

HOLDINGS AND DISCUSSION
Regarding appellants' contention that they were entitled in law to seek an affirmative recovery on their counterclaim, based upon the principal debtor's statutory cause of action, we find there is no allegation and no record showing that appellants have ever received an assignment of the cause of action from the corporation or one lawfully acting for it. This is an essential part of appellants' case if they are to bring a cause of action that admittedly belongs to another. Briscoe v. Texas General Ins. Agency, 60 S.W.2d 814 (Tex.Civ.App.1933, no writ); Indemnity Ins. Co. of North America v. Garsee, 54 S.W.2d 817 (Tex. Civ.App.1932, no writ). We need not, in consequence, consider such problems as the jurisdiction of the bankruptcy court, the possibility of a double recovery against appellee, the formalities required for such an assignment, or whether the statutory cause of action was assignable at all. We therefore reject that part of appellants' argument.
We turn then to appellants' contention that they were entitled in equity to assert the principal debtors' cause of action as a set-off or recoupment of appellee's claim against appellants. Equity will allow as much when the guarantor and the principal debtor are joined in the suit. 1 Brandt, Suretyship and Guaranty § 236 (1891); Childs, Law of Suretyship and Guaranty § 148 (1907); Stearns, The Law of Suretyship, § 7.21, at 233 (1951). The equitable right may, however, be circumscribed by the terms of the guaranty contract spelling out the particulars of the guarantor's undertaking.
In Aultman & Taylor Co. v. Hefner, 67 Tex. 54, 2 S.W. 861 (1886), the seller of machinery sued the buyer on his promissory notes given for the purchase price, jointly with the guarantors of the buyer's debt. The machinery proved defective but the buyer retained it nevertheless. He therefore became entitled either to sue for the difference in value or "set up the defective quality of the thing warranted in diminution of the price." He did the latter when the seller sued him on the notes he had given. Concerning the guarantors who were also sued, the Court stated that they had undertaken to pay the notes at maturity if the maker did not; and,
It would seem, therefore, that if, by reason of the existence of any facts between the appellant and the maker of the notes by which the latter becomes entitled to recover from the former a sum equal to the balance due on the notes, as for damages on breach of warranty or otherwise, *726 that then, in contemplation of law, the notes are paid and the guaranty satisfied....
In the case before us the matters which operate as a defense to the notes guarantied grow out of the contract under which the notes were given; and, under the procedure recognized in this state, we see no objection to giving relief to a guarantor when the person primarily liable for the debt guarantied is shown to have a defense, growing out of the same transaction, which entitles him to a judgment in effect declaring that the notes guarantied have been satisfied. It may be that the appellants might have stated a case which would have rendered the guarantors liable on their guaranty, notwithstanding the defenses set up by the maker of the notes were good as to himself. No such facts, however, are stated.
2 S.W. at 864-65 (emphasis added). The emphasized portions of the opinion reflect a theory that the guarantors' liability is satisfied to the extent the principal debtor recovers on his claim for a set-off; and, the guarantors are entitled to judgment accordingly, at least where the holder of the notes fails to state a case under which the guarantors would be liable for the debt notwithstanding the maker's right to a set-off.
In Houston Sash & Door Co. v. Heaner, 577 S.W.2d 217 (Tex.1979), the creditor sued his debtor for sums due and unpaid on the latter's open account; and, sued the guarantor of the account on his undertaking. The interest charged by the creditor on the account was usurious as to the debtor. The court held that the usury did not render void the debtor's obligation so that the guarantor's liability did not fall with that of the debtor. Looking to the terms of the guaranty, the court held that a judgment against the principal debtor was not a prerequisite to the guarantor's liability because he had expressly waived any such requirement in his contract of guaranty. The court held as well that the guarantor could not interpose in his defense the usury defense available to the principal debtor. 577 S.W.2d at 222.
Finally, we should note that the necessity of joining the principal debtor in the creditor's suit against the guarantor is subject to an exception for cases where the debtor is "hopelessly insolvent." Jarecki Mfg. Co. v. Hinds, 295 S.W. 274, 275 (Tex. Civ.App.1927), writ dism'd, 6 S.W.2d 343 (Tex.Comm'n App.1928). In such circumstances, even in the debtor's absence the guarantor may be entitled to interpose as a set-off the claims of the principal debtor against his creditor. Id. at 278; Stearns, supra, at 235; Simpson, Suretyship § 70, at 324 (1950). This is one of four statutory exceptions. See Tex.Civ.Prac. & Rem.Code Ann. § 17.001 (1986) and its predecessor statutes.[1]
With the foregoing principles in mind, we turn to the circumstances made by the pleadings and the balance of the summary-judgment record in the present case.
*727 Appellants have not challenged the enforceability of their contracts of guaranty. In their contract, they undertook to remain "fully liable" for the corporation's debt "notwithstanding the fact that the Debtor may not be liable" for the debt because of any of several specified reasons "or ... for any other reason." They agreed that they were not entitled to require, as a condition of enforcing their liability, the previous obtaining of a judgment against the corporation or the asserting or filing of any claim against the debtor or anyone else. They agreed that their liability under the guaranty would not be affected or impaired by any act or omission of appellee relating to any agreement between appellee and the corporation concerning the latter's obligations. It is said that "the intention of the parties will govern" the issue when a guarantor claims the benefit of the principal debtor's claim against his creditor. Conner, Enforcing Commercial Guaranties in Texas: Vanishing Limitations, Remaining Questions, 12 Tex.Tech.L.Rev. 785, 826 (1981). We hold in consequence of the foregoing contract provisions that appellants would not be entitled to the set-off they claim in this appeal, even if it were otherwise available to them under equitable principles.
In addition, however, we hold they are not entitled to the set-off because the principal debtor is not a party to the suit and appellants have neither pled nor shown in the summary judgment record any exception to the general rule. To allow the guarantors to claim the set-off in these circumstances would lead to anomalies: any judicial determination of the set-off would not bind the corporation; and if the set-off exceeded appellee's adjudicated claim, the trial court would have to award the excess to a non-party or to appellants who are not entitled to it. Stearns, supra, at 234. We hold, therefore, that the trial court did not err in rendering summary judgment against appellants in these circumstances.
The parties have not raised the issue of the principal debtor's absence from the suit and we have considered it only as it bears on the single question of law raised by appellantstheir asserted entitlement to the benefit of the corporation's asserted statutory cause of action against appellee, either by way of direct affirmative recovery on the statutory cause of action or by way of set-off or recoupment against appellee's claim. Similarly, no party has raised an issue on the question of the debtor's reorganization proceeding under the bankruptcy laws and what effect that proceeding might have on the present appeal or the judgment of the trial court. See Cook v. Citizens National Bank of Beaumont, 538 S.W.2d 460 (Tex.Civ.App.1976, no writ). The briefs and the record are silent regarding the rules of joinder contained in our statutes and rules of procedure. Our opinion should not be interpreted as dealing with such matters by implication.
We overrule the appellants' single point of error; and, finding no error as contended for, we affirm the judgment of the trial court.
NOTES
[1] Section 17.001 of the Tex. Civ. Prac. & Rem. Code provides first a general rule in cases like the present: "a judgment may not be rendered against a party not primarily liable unless judgment is also rendered against the principal obligor." Next, the statute establishes four exceptions to the general rule and provides that the guarantor may be sued in those circumstances without suit also being brought against the principal obligor: (1) where the principal obligor resides "where he cannot be reached by the ordinary process of law"; (2) where he "resides in a place that is unknown and cannot be ascertained by the use of reasonable diligence"; (3) where he is dead; or, (4) where he "is actually or notoriously insolvent." There is some uncertainty about whether an unconditional guaranty renders the guarantor himself a "principal obligor" so that he may be sued without joining the principal debtor. See Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.2d 748 (1928).

In Tex.R.Civ.P. 31, it is provided:
No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules.
Rule 31 incorporates, in effect, the provisions of Tex.Civ.Prac. &Rem Code, § 17.001. Rules 39 and 40 deal, respectively, with the "Joinder of Persons Needed for Just Adjudication" and "Permissive Joinder of Parties." We note that appellants' guaranty purports to waive the necessity of joining or recovering judgment against the principal debtor. See Hernandez v. Bexar County Nat. Bank of San Antonio, 710 S.W.2d 684 (Tex.App.1986), writ ref'd n.r.e. 716 S.W.2d 938 (Tex.1986).