Joseph W. CARROLL, et al.,
Appellants,

v.

GENERAL ELECTRIC CREDIT
CORP., Appellee.

No. 01–86–0112–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1987.

Rachel R. Rosen Goldberg, Kusin & Brown, A. Lee McLain, Michael Duncan McLain, Cage, Hill & Niehaus, Houston, for appellants.

Mary W. Costley, Sherry M. Merfish, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION ON REHEARING

COHEN, Justice.

Our prior opinion is withdrawn, and the following is substituted.

General Electric Credit Corporation ("G.E.") sued appellants, Joseph W. Carroll and Michael C. Winter, the guarantors of a promissory note secured by a lien on machinery and machine tools. The trial court rendered a summary judgment against Carroll and Winter for $205,790.56, plus interest and attorney's fees, and overruled their motions for new trial.

Appellants contend that the trial court erred in granting the motion for summary judgment because G.E. failed to prove compliance with article 9 of the Business and Commerce Code. Appellants specifically assert that because the collateral was not sold until *after* the summary judgment was rendered, G.E. failed to prove as a matter of law that the collateral was disposed of in a commercially reasonable manner.

G.E.'s action was based on a guaranty agreement. G.E. filed its motion for summary judgment on September 23, 1985, claiming the entire amount due under the guaranty agreement, without any credit

from sale of the collateral. The affidavit of Sparkman, G.E.'s agent, stated that "defendants have defaulted on their obligation to pay the guaranties referred to above and there currently remains due and owing after allowing for all just and lawful offsets, payments, and credits the sum of $205,-790.56." G.E., however, possessed the collateral at all times while the motion was pending. By letter dated October 25, 1985, Winter received "notice of public sale" from G.E., stating that he had until November 12 to redeem the collateral or it would be sold.

On November 11, 1985, the trial court granted a summary judgment in the principal amount for $205,790.56 and $69,811.87 in interest. On January 14, 1986, General Electric filed an "Affidavit in Support of Credit to Judgment Amount." The credit listed was for $110,000.00 for payments received from Dona Ingall's Profile Inc. on January 2, 1986. The affidavit said nothing regarding the collateral. However, in G.E.'s response to appellants' motions for new trial, it stated that the collateral was sold for $110,000, which was the basis for the credit mentioned in the affidavit.

■ Appellants argue that this is not merely a suit on a guaranty agreement, but is a suit for deficiency after foreclosure on secured property. We agree. As a secured creditor suing after foreclosure, G.E. was required to show that it gave appellants notice of the public sale and that the collateral was sold in a commercially reasonable manner. *Achimon v. J.I. Case Credit Corp,* 715 S.W.2d 73 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Sunjet, Inc. v. Ford Motor Credit Co.,* 703 S.W.2d 285 (Tex.App.—Dallas 1985, no writ). The source of this requirement is the "strict language" of sec. 9.504 of the code. *Achimon,* 715 S.W.2d at 76.

Tex.Bus & Com.Code Ann. art. 9.504 (Tex.UCC) (Vernon Supp.1987) provides in pertinent part:

(a) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral....

(b) If the security interest secures an indebtedness, ... unless otherwise

agreed, the debtor is liable for any deficiency....

(c) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.... Reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

Tex.Bus. & Com.Code Ann. art. 9.505 (Vernon Supp.1987) provides in pertinent part:

(b) ... A secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under the subsection.... If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under Section 9.504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation.

■ A guarantor of a secured transaction is a debtor under section 9.504. *Hernandez v. Bexar County Nat'l Bank,* 710 S.W.2d 684, 687 (Tex.App.—Corpus Christi 1986), *writ ref'd n.r.e. per curiam,* 716 S.W.2d 938 (Tex.1986); *Peck v. Mack Trucks, Inc.,* 704 S.W.2d 583 (Tex.App.—Austin 1986, no writ); *Gentry v. Highlands State Bank,* 633 S.W.2d 590 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd). Under section 9.504, a guarantor of a secured transaction may not waive his rights to notice of sale prior to default. *Hernandez,* 710 S.W.2d at 687. The summary judgment evidence here does not indicate that this collateral was excepted from the notice requirements of section 9.504.

Section 9.504 gives the creditor the widest leeway in disposing of collateral, the only limit being that the disposition must be commercially reasonable, and must be made only after notification to the debtor. Only then is the creditor entitled to sue for a deficiency. *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex. 1982).

In *Tanenbaum,* the Texas Supreme Court held that the purpose of sections 9.504 and 9.505 "was to put the creditor to an election to either sell the repossessed collateral pursuant to Section 9.504 or to retain the collateral in complete satisfaction of the debt pursuant to Section 9.505." *Id.* at 772. *Accord Knight v. General Motors Acceptance Corp.*, 728 S.W.2d 480, 483 (Tex.App.—Fort Worth 1987, no writ).

 The disposition of the collateral here did not meet *Tanenbaum's* requirements. G.E. did not make an election; it retained the collateral and then, in addition, sued for the entire debt. G.E. circumvented the protections afforded debtors under article 9: instead of giving notice of sale before suing, it sued before giving notice; instead of providing summary judgment proof that the sale was conducted in a commercially reasonable manner, it filed a credit to the judgment. The *Tanenbaum* court warned that similar conduct threatened to deprive debtors of the code's express protections. 628 S.W.2d at 772.

We hold that the burden of proving notice of sale and commercially reasonable disposition of collateral is properly upon the secured party because it "has a better knowledge of the facts surrounding (its) disposition of the collateral than has the debtor. Furthermore, in an action for a deficiency, the secured party is the party seeking relief, and should bear the burden of justifying the recovery (it) claims under the U.C.C." *Sunjet Inc. v. Ford Motor Credit Co.*, 703 S.W.2d at 287. G.E. did not carry this burden.

Winter's first point of error and Carroll's second point of error are sustained.

The judgment of the trial court is reversed, and the cause is remanded.