**Ed BOLES, Appellant,**

v.

**The TEXAS NATIONAL BANK OF WACO, Appellee.**

No. 10–88–015–CV.

Court of Appeals of Texas, Waco.

May 5, 1988.

W.V. Dunnam, Jr., Dunnam, Dunnam, Horner & Meyer, Waco, for appellant.

Paul H. Hubbard & Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Boles from a summary judgment in favor of appellee Bank for deficiency after sale of collateral on 6 promissory notes.

Boles operated a used car lot. In 1983 he executed 6 promissory notes to the bank some of which were secured by vehicles. By January 1985 all 6 notes were delinquent and Bank wrote Boles demanding payment, and again demanded payment in April 1985. On May 2, 1985, the bank wrote Boles and gave him notice that five repossessed automobiles would be sold at private sale if full payment was not received by May 12, 1985. No payments were made and Bank sold the vehicles, applying the proceeds to the balance owed on the 6 notes. The bank thereafter filed suit against Boles for the remaining balances. On October 14, 1987, the bank moved for summary judgment. Boles filed an affidavit in response that Bank failed to sell the collateral in a commercially reasonable manner.

Plaintiff–Bank filed a supporting affidavit to its motion for summary judgment by a vice president stating: "These vehicles were repossessed by * * * Bank on May 1, 1985. * * * Bank sought bids from unrelated third parties for each one of the motor vehicles * * *. At least one bid was gotten for each vehicle and several bids were gotten for some of the vehicles. Several of the bids were from used car dealers.

\* \* \* Bank sold these vehicles for the best price obtainable for them under the circumstances. Each sale was for the highest bid received by \* \* \* Bank for the vehicle. Some of the vehicles were in poor condition and money had to be spent with regard to them. Money had to be paid to get one of the vehicles from a garageman and money had to be spent on several of the vehicles to repair them to get them in shape to sell them. The 1977 Buick was sold for $200 on June 2, 1985 ($175 was spent for repairs to the vehicle). The 1979 Chevrolet was sold for $2,500 on June 13, 1985. The 1980 Oldsmobile was sold for $3,000 on June 4, 1985 ($212.69 was spent for repairs to this vehicle). The 1977 Oldsmobile was sold for $450 on September 20, 1985. The 1984 Ford was sold for $3,500 on June 2, 1985. These sale proceeds, less the costs attributable to the vehicle, were applied to the appropriate promissory note which left deficiencies owing on the promissory note sued for.

Attachments B, C, D, E, F and G are true and correct copies of the promissory notes being sued on."[1]

The trial court thereafter rendered summary judgment for Plaintiff Bank for $14,464 on 6 promissory notes plus $4,000 attorney's fees.

Boles appeals on 4 points.

Point 1 asserts the trial court erred in granting summary judgment because the summary judgment proof conclusively shows that the automobiles collateralizing each of said notes were repossessed and sold by Bank and the summary judgment evidence was not sufficient to establish as a matter of law the commercial reasonableness of said sales.

Point 2 asserts the bank's pleading fails to allege that any of the sales were commercially reasonable, and Point 3 asserts the trial court erred in rendering summary judgment because a fact issue existed as to the commercial reasonableness of each of the sales of collateral for each of said notes.

The movant for summary judgment has a heavy burden to show that as a matter of law there does not exist an issue of fact; in deciding, same evidence favorable to the non movant is taken as true; and every reasonable inference and any doubts must be resolved in favor of the non movant. *Wilcox v. St. Mary's University*, S.Ct., 531 S.W.2d 589.

■ And even if summary evidence established on behalf of movant a ground of recovery, as a matter of law, summary judgment cannot be rendered on that ground unless it has been pleaded by the movant. *Employers Liability Ass. Corp. v. Mosley*, CCA (Houston 14) NWH, 460 S.W.2d 201; *DeBord v. Muller*, S.Ct., 446 S.W.2d 299.

The summary judgment evidence shows that a private sale of the collateral securing 4 of the notes was effected by Bank, but the summary judgment evidence and Bank's pleadings wholly fail to prove or even allege that the vehicles were sold in a commercially reasonable manner.

■ The duty to dispose of collateral in a commercially reasonable manner is an implied covenant in all contracts under Tex. Bus. & Comm.Code Ann. Sec. 9.504 (Vernon Supp.1986). *International Bank, NA v. Morales*, S.Ct., 736 S.W.2d 622.

■ And whether the sale of collateral at public or private proceedings was commercially reasonable is a question of fact. *Achimon v. J.I. Case Credit Corp.*, CA (Dallas) NRE, 715 S.W.2d 73; *Food City, Inc. v. Fleming Companies, Inc.*, CCA (San Antonio) NWH, 590 S.W.2d 754.

■ We think the statements in Bank's affidavit that the bank sold the vehicles for the best price obtainable is a mere conclusion and cannot serve as summary judgment proof. We note further that only one bid was secured on some of the vehicles. *Swiderski v. Prudential Property and Casualty Ins. Co.*, CA (Corpus Christi) Er. dism'd, 672 S.W.2d 264.

The recent decisions specifically hold that the burden of pleading and proving a com-

1. Exhibits, B, C, D, E, F and G reflect only four vehicles.

mercially reasonable disposition of collateral is upon the secured party. *Sunjet Inc. v. Ford Motor Credit Co.*, CA (Dallas) NWH, 703 S.W.2d 285, holds that summary judgment evidence tending to support the inference that the sale was commercially reasonable: (1) the sale was advertised to some extent, (2) there were 3 bidders at the sale, and (3) the collateral sold for a certain price, is not sufficient to establish as a matter of law the commercial reasonableness of the sale based on the requirements of UCC Article 9.504(c).

*Hall v. Crocker Equipment Leasing, Inc.*, CA (Houston 14) 737 S.W.2d 1, holds the same, that the burden of proving that sale of collateral was conducted in a commercially reasonable manner is on the secured party seeking a deficiency judgment, citing UCC Sec. 9.504 and 9.504(c). Such case further holds that a secured party seeking a deficiency judgment has the burden of proving further that all repairs to the collateral were necessary and reasonable. *Hall*, supra, further discusses the split in Texas appellate courts concerning which party has the burden of proof with respect to whether a sale of collateral was conducted in a commercially reasonable manner and concludes that cases to the contrary were cases not arising under the UCC, and declined to follow them.

To the same effect is *Carroll v. General Electric Credit Corp.*, CA (Houston 1) NWH, 734 S.W.2d 153, which bases its conclusion on the "strict language" of UCC Sec. 9.504 which provides: "a secured party after default may sell, lease, or otherwise dispose of any or all of the collateral * * * but every aspect of the disposition, including the method, manner, time, place and terms must be commercially reasonable." *Carroll* holds that the "burden of proving notice of sale and commercially reasonable disposition of collateral is properly upon the secured party because it 'has a better knowledge of the facts surrounding (its) disposition of the collateral than has the debtor. Furthermore, in an action for deficiency the secured party is the party seeking relief and should bear the burden of justifying the recovery (it) claims under the UCC.' "

Points 1 through 3 are sustained requiring a reversal. Under our disposition point 4 becomes immaterial.

REVERSED & REMANDED.

THOMAS, J., not participating.