IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-1320

_____

LAWRENCE E. STEINBERG,

Plaintiff-Appellant,

versus

CINEMA N' DRAFTHOUSE SYSTEMS,
INC., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

(July 22, 1994)

Before GOLDBERG, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

We find that Texas law allows the guarantor of a secured transaction to waive the right to a commercially reasonable sale of collateral.

I.

This case concerns a suit for deficiency on secured notes and guaranties. Lawrence E. Steinberg, the owner of the note, sued Cinema 'N' Drafthouse Systems, Inc., the borrower, and John J. Duffy, James T. Duffy, and Norma S. Duffy, the guarantors, to recover a deficiency alleged to be due on a note executed by Cinema 'N' Drafthouse and guaranteed by the Duffys. Shares of stock in three subsidiary corporations of Cinema 'N' Drafthouse secured the note.

At trial, Cinema 'N' Drafthouse and the Duffys stated that their liability was discharged by Steinberg's failure to give adequate notice of the sale of the collateral or his alleged failure to sell the collateral in a commercially reasonable manner. Steinberg answered that he gave reasonable notice of the sale, that he conducted the sale in a commercially reasonable manner, and that, in any event, the Duffys waived the right to complain of these matters by the express terms of the guaranty agreements. Following a bench trial, the district court rendered a take-nothing judgment in favor of Cinema 'N' Drafthouse and the Duffys, finding that the sale had not been commercially reasonable.

## II.

When a secured creditor elects to dispose of collateral after the debtor's default, section 9.504(c) of the Texas Business and Commerce Code[1] requires that "[e]very manner of the disposition of collateral, including the method, manner, time, place, and terms of the sale, must be commercially reasonable."[2] Many Texas cases have held that "debtor," as used in section 9.504, includes guarantors of secured transactions.[3] As a result, Texas courts of appeals

---

[1]All cited Business and Commerce Code sections are identical to their model U.C.C. counterparts.

[2]Tex. Bus. & Comm. Code § 9.504(c) (Vernon 1991).

[3]E.g., FDIC v. Moore, 846 S.W.2d 492, 495-96 (Tex. App.—Corpus Christi 1993, writ denied); Carroll v. Gen. Elec. Credit Corp., 734 S.W.2d 153, 154 (Tex. App.—Houston [1st Dist.] 1987, no writ); Hernandez v. Bexar County Nat'l Bank, 710 S.W.2d 684, 687 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.); Peck v. Mack Trucks, Inc., 704 S.W.2d 583, 585 (Tex. App.—Austin 1986, no writ).

have held that guarantors sued in a deficiency action can assert section 9.504 defenses, including the defense of commercial reasonability,[4] although the Texas Supreme Court has reserved judgment on the question.[5] The question in this case is whether a guarantor can waive the right to assert this defense.

No Texas case has answered this precise question. Cases have spoken to two related issues, however, and from them we can decide how the Texas Supreme Court would rule. The first line of cases deals with another section 9.504 defense. Section 9.504(c), in addition to requiring a commercially reasonable sale of collateral, requires that a debtor receive timely notice of the sale.[6] Four Texas courts of appeals[7] and a panel of this court[8] have held that a guarantor cannot waive this right to notice. The Texas cases have emphasized section 9.501(c), which says that a debtor cannot waive the rights created by section 9.504(c).[9]

The second line of cases deals with the waiver of claims asserted by guarantors under section 1.203 of the Code, the general

---

[4]See Adams v. Waldrop, 740 S.W.2d 32, 33 (Tex. App.—El Paso 1987, no writ).

[5]Greathouse v. Charter Nat'l Bank, 851 S.W.2d 173, 174 n.1 (Tex. 1992).

[6]Tex. Bus. & Comm. Code § 9.504(c) (Vernon 1991).

[7]FDIC v. Attayi, 745 S.W.2d 939, 948 (Tex. App.—Houston [1st Dist.] 1988, no writ); Carroll, 734 S.W.2d at 154; Hernandez, 710 S.W.2d at 687; Peck, 704 S.W.2d at 586.

[8]FDIC v. Payne, 973 F.2d 403, 409 (5th Cir. 1993).

[9]Tex. Bus. & Comm. Code § 9.501(c) (Vernon 1991); Peck, 704 S.W.2d at 586.

"good faith" provision. In <u>FDIC v. Coleman</u>,[10] a guarantor alleged that section 1.203 required the FDIC to liquidate the security promptly after default. The Texas Supreme Court found no violation of the good faith requirement,[11] and also held that the guaranty waived any such a claim by not requiring the creditors to satisfy their debt from the collateral.[12] Applying <u>Coleman</u>, a panel of this court found in <u>Clay v. FDIC</u>[13] that a guaranty waived a section 1.203 claim based on the FDIC's alleged delay in foreclosing on property.[14]

We are convinced that the Texas Supreme Court would follow the second line of cases. As the dissenters noted in <u>Coleman</u>,[15] and as the Colorado Supreme Court held in <u>May v. The Women's Bank, N.A.</u>,[16] the requirement that a sale be made in "good faith" is inextricably intertwined with the requirement that a sale be "commercially reasonable."[17] <u>Coleman</u> reasoned that the "obligation of good faith could be defined and applied as a matter of law only in a very few clear cases" and would impose a "virtually impossible" burden on

---

[10]795 S.W.2d 706 (Tex. 1990).

[11]<u>Id.</u> at 708.

[12]<u>Id.</u> at 710.

[13]934 F.2d 69 (5th Cir. 1991).

[14]<u>Id.</u> at 71-72.

[15]795 S.W.2d at 711 (Mauzy, J., dissenting).

[16]807 P.2d 1145 (Colo. 1991).

[17]<u>Coleman</u>, 795 S.W.2d at 712-13 (Mauzy, J., dissenting); <u>May</u>, 807 P.2d at 1149.

4

creditors to "protect others' interests."[18]  Those arguments, made
in the context of a guarantors challenge to the timing of the
creditors' sale, apply with equal force to a challenge to the
conduct of the sale.  In both situations, the possibility of a
court second-guessing a creditors' actions creates uncertainty and
discourages loans.

Section 9.501(c) poses no obstacle.  Section 1.102(c) of the
Code[19] says that the obligation of good faith may not be disclaimed
by agreement, but neither <u>Coleman</u> nor <u>Clay</u> applied that provision
to a guarantor.  We are persuaded that the Texas Supreme Court
would not apply section 9.501 to a guarantor either, because the
same rationales lie behind both sections.  The First Circuit
explained the reasoning in <u>United States v. H & S Realty Co.</u>:[20]

> In short, in a routine business loan the special position
> accorded the debtor by the proscription of waiver serves
> an important economic function; in the riskier
> transaction requiring the involvement of a guarantor,
> that collateral-preserving function not only diminishes
> in importance but is counterbalanced by other
> considerations such as the importance of facilitating the
> transaction and of leaving it to the guarantor to assess
> his own interest.[21]

While it construed a different Code provision, we read <u>Coleman</u> as
striking the same balance as <u>H & S</u>, and are convinced that the
court would treat 9.501 the same way.

REVERSED.

---

[18]<u>Coleman</u>, 795 S.W.2d at 710.

[19]Tex. Bus. & Comm. Code § 1.102(c) (Vernon 1968).

[20]837 F.2d 1 (1st Cir. 1987).

[21]<u>Id.</u> at 2-3.

5