United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-2665WA

Dennis Joslin, CPA,             *
                                *
            Appellant,          *    Appeal from the United States
                                *    District Court for the Western
    v.                          *    District of Arkansas.
                                *
Jack D. Beavert,                *         [UNPUBLISHED]
                                *
            Appellee.           *

_____

Submitted:  July 22, 1997
Filed:  August 4, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Dennis Joslin appeals from the adverse decisions of the jury and the judge in Joslin's diversity action to collect the unpaid balance on a note.  We reverse.

Through a series of transactions, Joslin obtained a promissory note guaranteed by Jack D. Beavert from the Federal Deposit Insurance Corporation.  Later, Joslin sued Beavert for the unpaid principal balance and accrued interest as a guarantor on the note. Over Joslin's objections, the district court instructed the jury that the debtor's obligation could be discharged to the extent the creditor impaired the value of the collateral,

unless waiver applied, and that the creditor was required to dispose of collateral in a commercially reasonable manner. The jury returned a verdict in favor of Beavert.

Applying Texas law to the guaranty signed by Beavert, we conclude the defense of impairment of collateral was unavailable to Beavert. When Beavert consented to remain liable regardless of any impairment of collateral, and gave the creditor the right to ignore the collateral and obtain a judgment against the guarantor, the impairment-of-collateral defense was expressly waived. See Simpson v. MBank Dallas, N.A., 724 S.W.2d 102, 106 (Tex. Ct. App. 1987); FDIC v. Coleman, 795 S.W.2d 706, 707-10 (Tex. 1990). Additionally, Beavert's guaranty unambiguously waived any defense relative to the commercially reasonable disposition of the collateral. See Steinberg v. Cinema N'Drafthouse Sys., Inc., 28 F.3d 23, 24, 25-26 (5th Cir. 1994).

Because the district court misinstructed the jury and the error "caused, or can be reasonably calculated to have caused, the rendition of an improper verdict," Lone Star Ford, Inc. v. McCormick, 838 S.W.2d 734, 739 (Tex. Ct. App. 1992), we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.