EXTENDED SERVICES PROGRAM, INC., Appellant,

v.

FIRST EXTENDED SERVICE CORPORATION, Appellee.

No. 20291.

Court of Civil Appeals of Texas, Dallas.

May 28, 1980.

Rehearing Denied June 26, 1980.

**470**

William L. Martin, Jr., Hubbard, Thurman, Turner & Glaser, Dallas, for appellant.

Robert W. Jordan, Rain, Harrell, Emery, Young & Doke, Dallas, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

AKIN, Justice.

This is an appeal from a summary judgment granted the defendant. Plaintiff appeals, complaining that the depositions supporting summary judgment were not timely filed and thus could not properly have been considered by the trial court. Plaintiff also argues that the trial court erred in failing to grant its motion for nonsuit filed after the summary judgment hearing but before summary judgment was granted. We agree with both propositions and accordingly reverse.

Defendant-appellee filed a motion for summary judgment which was heard on July 6, 1979. The only summary judgment evidence on file at the time of the hearing was the deposition of Carl H. Wescott. Ad-

ditional depositions were filed by the defendant subsequent to the hearing but leave of the court to permit late filing was not requested nor was the late filing agreed to by the plaintiff. On July 11, five days after the hearing, plaintiff filed a motion for nonsuit, which was denied. On August 28 the trial judge entered a partial summary judgment that plaintiff's alleged trademark was generic in nature and that appellant was not a consumer under the Deceptive Trade Practices Act and thus could not recover under that act. Defendant then took a nonsuit as to a counterclaim, thus making the summary judgment final.

Plaintiff argues that the trial judge erred in granting summary judgment because no summary judgment evidence was on file more than twenty-one days prior to the hearing. We agree. In this respect, Tex.R.Civ.P. 166–A(c) provides in part: "Except on leave of court, *the motion shall be served at least twenty-one days before the time specified for the hearing.* Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response." [Emphasis added.] We hold that implicit in this language of rule 166–A(c) is the requirement that the movant shall serve all summary judgment evidence upon which the movant's motion depends at least twenty-one days prior to the hearing. In our view, by placing a seven-day limitation on the nonmovant's response, rule 166–A(c) presupposes that the nonmovant has had at least fourteen days to obtain and to file summary judgment evidence to refute the movant's evidence. To hold otherwise would permit the movant to take unfair advantage of the nonmovant by permitting the movant to serve his summary judgment evidence on the nonmovant on the seventh day before the hearing, thus requiring the nonmovant's response to depend upon leave of the court. This would be untenable under our summary judgment practice. Thus the deposition of Wescott, filed 18 days prior to the hearing, was not properly before the court as summary judgment evidence. Likewise, the depositions

filed after the summary judgment hearing could not properly be considered because plaintiff did not have fourteen full days to respond.

 Plaintiff also contends that the judge erred in overruling its motion for nonsuit. We agree. Tex.R.Civ.P. 164 provides:

> Upon the trial of any case at any time *before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence*, the plaintiff may take a non-suit [sic], but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. [Emphasis added.]

Under this rule the plaintiff has the right to take a nonsuit until he has presented all of his direct evidence at a trial on the merits. The language of rule 164 does not prohibit the plaintiff from taking a nonsuit between the summary judgment hearing and the pronouncement of judgment. Defendant contends that the summary judgment proceeding is a trial for purposes of rule 164 and that the nonsuit was properly denied, citing *Mainland Savings Association v. Wilson*, 545 S.W.2d 491 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ) and *Collins v. Waldo*, 291 S.W.2d 360 (Tex.Civ.App. —Eastland 1956, no writ). We cannot agree that rule 164 applies to summary judgment proceedings because rule 164 gives plaintiff the right to take a nonsuit until the time he has rested his case. Thus, the language of rule 164 applies only to a trial on the merits and is not capable of being read logically to apply to summary judgment proceedings. For example, in this case the defendant moved for summary judgment and had the burden of proof at the hearing. Admittedly the evidence on file at the time of the hearing was insufficient to sustain defendant's motion, and, as we have held, filed too late for consideration, thus making it unnecessary for plaintiff to present any evidence in order to avoid summary judgment. The plaintiff certainly never "rested his case," a phrase that implies that the plaintiff has produced all the evidence that he intends to use in support of his allegations. Even if defendant had produced sufficient evidence prior to the summary judgment hearing, the plaintiff would not have to "rest his case" in order to avoid summary judgment, but could have avoided summary judgment merely by producing evidence to controvert the summary judgment evidence of the defendant. The language of rule 164 also refers to rebuttal evidence which has no place in a summary judgment proceeding, but is applicable only in a trial on the merits. Consequently, we hold that Tex.R. Civ.P. 164 grants the plaintiff the right to take a nonsuit during the pendency of the trial judge's ruling on a motion for summary judgment, and that rule 164 does not apply to summary judgment proceedings.

The cases cited by defendant are inapposite. In *Mainland Savings*, the court indicated that a summary judgment proceeding may be a trial on the merits under rule 164 and that a plaintiff may be barred from taking a nonsuit after a summary judgment hearing. But that proposition is dicta since under the facts of *Mainland Savings* the motion for nonsuit was filed prior to the summary judgment hearing and the holding in that case was that the plaintiff had the right to take a nonsuit prior to the hearing. Consequently, we do not regard *Mainland Savings* as authority to hold that rule 164 applies to summary judgment proceedings. Neither is *Collins* authority supporting the defendant's contention. In *Collins*, the plaintiff contended that he could take a nonsuit after the judge announced that he would grant the defendant's motion for summary judgment but before the entry of that judgment. That court held that the plaintiff had no right to a nonsuit after the trial court announced its decision granting the defendant's motion for summary judgment. We agree with *Collins*, but hold that it is inapplicable here because judgment had not been announced at the time plaintiff moved for a nonsuit.

Accordingly, because the plaintiff was not given proper notice of the defendant's summary judgment evidence, we reverse the judgment of the trial court and remand

for further proceedings. If plaintiff desires a nonsuit, it has a right to it as a matter of law. Tex.R.Civ.P. 164.