Penny STORY, Individually and d/b/a Penny Story Realtors, Appellant,

v.

HENRY S. MILLER MANAGEMENT CORPORATION and Ponderosa Forest Shopping Center, Ltd., Appellees.

No. 01–81–0727–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 11, 1982.

James P. Markham and John B. Lay, Houston, for appellant.

Joseph O. Slovacek, Hoover, Cox & Shearer, Houston, for appellees.

Before BASS, DYESS and SMITH, JJ.

SMITH, Justice.

This is an appeal from a summary judgment, wherein the trial court awarded the landlord, appellees herein, judgment in the sum of $7,316.20 against Penny Story, a former tenant and appellant herein.

The appellant alleges that the pleadings and evidence of the appellee are insufficient to sustain the trial court's judgment.

The appellees' cause of action was based on two written instruments. The first of these instruments was a one-year lease between Connecticut General Mortgage and Realty Investments, a Connecticut Corporation, and the appellant. The second instrument was a letter agreement extending the initial lease for three years with the principals shown to be Strawhurst N.V., Henry S. Miller Co., and Vance Miller as landlords, and Penny Story, the appellant, as the tenant. This last instrument was signed by Henry S. Miller Management Co., agent.

The appellees' pleadings and motion for summary judgment were filed in the name of Henry S. Miller Management Corporation, Agent for Ponderosa Forest Shopping Center, Ltd.

The appellant's first complaint is that the appellees' proof and pleadings are insufficient because Ponderosa Shopping Center, Ltd. is not a party to either of the above lease agreements. She states that the only proof in the record that the appellee Ponderosa Forest Shopping Center, Ltd. has an interest in the lease is a group of instruments that were filed six days prior to the summary judgment hearing. She alleges that the first notice she had of such filing was when appellees' counsel handed her

counsel copies of such instruments when he entered in the court room on the day the motion for summary judgment was heard. She further alleges that the appellees could not show any legal interest in the lease without these instruments, and that the untimely filing of such instruments was in contravention of Rule 166–A(c) of the Tex. R.Civ.P.

The appellant's second complaint is that when the trial court, on the day of the summary judgment hearing, granted her an extension of time to respond to the appellees' late filed instruments, that she did respond by filing an amended response, but that the trial court entered an order striking her response.

The record reflects that the summary judgment hearing by the trial court was had on August 3, 1981. It further reflects that on July 29, 1981, the appellees filed in the court two assignments of leasehold interests, which assignments provide a chain of the leasehold interest into the appellee, Ponderosa Forest Shopping Center, Ltd.

■■■ The trial court, of necessity, had to consider these instruments as proof of the appellees' right to maintain this suit, there being no other evidence in the file to prove that the appellees acquired any interest in the property. The appellees contend that the appellants failed to raise this issue before the trial court, and are precluded from raising it on appeal. We disagree. In this instance the appellant had no notice and was unaware that the appellees had filed the two assignments until her counsel walked into the court room to have a hearing on the motion for summary judgment. The appellant did ask the court for an opportunity to respond, and was given such an opportunity, but her response was ordered stricken. As her response was ordered stricken, this appeal is the first opportunity the appellant has had to assert that the two assignments were untimely filed and should not be considered by the trial court in rendering its judgment on the appellees' motion for summary judgment.

Rule 166–A(c) Tex.R.Civ.P. states in pertinent part as follows:

Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavit shall be filed and served at least twenty-one days before the time specified for hearing.

The language of Rule 166–A(c) is clear and unambiguous that the movant shall serve all summary judgment evidence upon which the movant's motion depends at least twenty-one days prior to the hearing. We hold that summary judgment evidence filed by the movant six days prior to the summary judgment hearing, without notice to opposing counsel and without leave of court, was not properly before the court as summary judgment evidence. *Extended Services Program v. First Extended*, 601 S.W.2d 469 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.). There being no other proof that the appellees had an interest in the subject property, the appellant's point of error is sustained.

■■■ The trial court by order dated October 7, 1981, ordered that the appellant's second amended answer, appellant's first amended response to plaintiff's motion for summary judgment, and the accompanying affidavits be stricken. Under these circumstances we must presume that the trial court did not consider the content of these instruments in its final judgment signed August 25, 1981. We are of the opinion that the trial court erred in not considering these instruments, as the order striking the instruments was a nullity and void because the court had lost jurisdiction. Rule 329b of the Texas Rules of Civil Procedure provides that a trial court loses its jurisdiction 30 days after the final judgment has been signed. In the instant case the order striking the instruments which the appellant had filed was signed 44 days after the final judgment was signed.

We hold that under the facts of this case the order signed by the trial court 44 days after the final judgment was signed was void. *Eubanks v. Hand*, 578 S.W.2d 515 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.).

In view of our disposition of this point of error, this case is reversed and remanded to the trial court.