**Thomas C. GENTRY, et al, Appellant,**

v.

**HIGHLANDS STATE BANK, Appellee.**

No. B2986.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1982.

William A. Short, Jr., Houston, for appellant.

Dan G. Hoffman, Margraves, Kennerly & Schueler, Houston, for appellee.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment against the guarantors on a promissory note.

On October 24, 1979, Baytown Sports Center, Inc. borrowed $187,000 from appellee. A promissory note was given. It was secured by the inventory then owned and thereafter acquired by the Sports Center,

and by written guaranty agreements executed by Thomas C. Gentry, Robert A. Kerr, Fred C. Dittman, Jr. (appellants) and E. Phillip Elam. The note was payable in eleven equal monthly installments of $1,500, plus accrued interest to date of payment, and a final installment of $170,500, plus accrued interest to date of payment.

Sports Center made all of the monthly payments on the note through and including September, 1980. It failed, however, to make the October, 1980 payment. On October 3, 1980, Sports Center filed a Chapter 7 Bankruptcy proceeding. The bankruptcy trustee abandoned the inventory and Highlands State Bank foreclosed and purchased the inventory at a public sale held at the door of Harris County Courthouse, on February 17, 1981, for $8,000. It applied the money to the accrued interest on the promissory note leaving a principle balance owing of $172,000 plus accrued and unpaid interest.

Appellee made demand upon each of the four guarantors. After each refused to pay, suit was filed against them for the deficiency. All defendants except E. Phillip Elam filed general denials. Elam failed to file an answer and an interlocutory default judgment was taken against him. Highlands State Bank then filed its motion for summary judgment against the appellants. Appellants filed their first amended original answer, a response to plaintiff's motion for summary judgment, and affidavits. Plaintiff's motion for summary judgment was granted and the interlocutory default judgment against E. Phillip Elam was made final.

Appellants attack the trial court's granting of plaintiff's motion for summary judgment. They argue that appellee failed to establish as a matter of law that it gave statutory notice of public sale under Section 9.504 of the Texas Business and Commerce Code. (Vernon Supp. 1982)

■ To obtain a summary judgment the movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusive proof of all essential elements of his cause of action as a matter of law. Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's rights. The non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). A summary judgment must be reversed unless the record clearly establishes the movant's right as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975).

■ In order for a creditor to sue for deficiency judgment following default, repossession and sale of the collateral on a secured note, notice to the debtor must be given or the suit for deficiency is barred. If Highlands State Bank

was going to use the provisions of section 9.504, notice was necessary....

Section 9.504 gives the creditor the widest leeway in choosing whatever means of disposition of the collateral he considers most advantageous. He may dispose of it by public or private proceedings, in bulk or by lots, at any time or place and on any terms. The only limits on the creditor's disposition of the collateral is that it must be commercially reasonable, and must be made only after notification to the debtor if required by section 9.504. Then and only then is he entitled to sue for a deficiency.... [A]buse ... would result if a creditor is permitted to unilaterally dispose of the collateral without following the specific notice requirements of section 9.504. We hold that in order for a creditor in a secured transaction to sue for a deficiency after disposition of collateral in a commercially reasonable manner, he must first comply with those provisions of Section 9.504 which require giving notice to the debtor.

*Tanenbaum v. Economics Laboratory*, 628 S.W.2d 769 at 771–772 (Tex.1982).

■ We hold that in order for a creditor to recover a deficiency in a summary judgment proceeding the creditor must establish that notice was given. Nowhere in this record does Highlands State Bank establish that notice was given.

Reversed and remanded for further proceedings as to the appellants. That part of the judgment against Elam was not appealed and remains unaffected by this opinion.