PER CURIAM.
This is an appeal from part of a summary judgment in a deficiency action under Tex.Bus. and Com.Code Ann. § 9.504 (Supp.1986). Appellants appeal from that part of the judgment that awards damages under certain “unconditional” guaranty agreements. We will reverse that part of the judgment and remand the cause for further proceedings as to appellants.
In December 1979 Eldees, Inc. purchased a tractor from Austin Mack Sales, Inc., an authorized Mack truck dealer, under a retail installment contract that gave Austin Mack Sales, Inc. a security interest in the tractor. In January 1980 Eldees, Inc. purchased a second tractor from Austin Mack Sales, Inc. under another retail installment contract with an identical security interest provision. Both retail installment contracts were assigned to Mack Financial Corporation with an “unconditional” guaranty by Austin Mack Sales, Inc.[1] Sometime thereafter Eldees, Inc. defaulted on the two retail installment contracts. Mack Financial Corporation then foreclosed its security interests in the two vehicles, repossessed them, disposed of them, and assigned its right to the deficiency of $37,-319.53 to its sister company, appellee Mack Trucks, Inc.
During the course of- these events, Austin Mack Sales, Inc. was adjudicated bankrupt. Appellee then filed suit for, inter alia, the deficiency against appellants, Carl S. Peck and Margery L. Peck, who were “unconditional” guarantors of Austin Mack Sales, Inc.[2] In November 1984 an interloc *585 utory partial summary judgment was rendered against appellants for, inter alia, the deficiency of $37,319.53, plus interest. The interlocutory partial summary judgment was brought forward into a final judgment in April 1985. Appellants appeal from that part of the summary judgment that awards the deficiency, plus interest, and the attorney’s fees attributable to that particular claim.
In their sole point of error, appellants argue that the trial court erred in granting summary judgment on the deficiency claim because appellee failed to allege and conclusively prove an essential element of that claim, to wit: that appellee notified appellants (guarantors) of the repossession and sale of the tractors. We agree.
Under Tex.Bus. & Com.Code Ann. § 9.504 (Supp.1986), a secured creditor may, upon default, seize the collateral, sell it at a public or private sale, and sue for any deficiency. But if a secured creditor elects this course, § 9.504(c) provides that:
... reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.
It is settled law that notice of sale to the debtor is an essential element in any deficiency claim, Tanenbaum v. Economics Laboratory, Inc., 628 S.W.2d 769, 772 (Tex.1982), and that the term “debtor” as used in § 9.504 includes guarantors of secured transactions, Gentry v. Highlands State Bank, 633 S.W.2d 590, 592 (Tex.App.1982, writ ref'd). See also 9 Anderson, Uniform Commercial Code § 9-504.42 (1985) (majority of jurisdictions hold term “debtor” in U.C.C. § 9-504 includes guarantors of secured transactions); Conner, Commercial Guaranties, 12 Tex.Tech L.Rev. 789, 840-842 (1981) (several arguments support conclusion that term “debtor” under U.C.C. § 9-504 includes guarantors of secured transactions). Since appellee, as the record shows, did not even allege and certainly did not conclusively establish that it provided the necessary notice of sale to appellants, it was error for the trial court to grant summary judgment for appellee on the deficiency claim. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979).
Appellee argues that since appellants were “unconditional” guarantors, there was no legal requirement for notice of sale. On appellee’s theory, an unconditional guarantor assumes an absolute contractual obligation which, upon becoming operative, is dischargeable only by payment. While this argument does have a certain superficial appeal by virtue of its seemingly tautological logic, it fails to comport with the well-recognized legal definition of the term “unconditional guaranty,” which shows that it is a limited term. In law the principal distinction between an unconditional guaranty (sometimes called “guaranty of payment”) and a conditional guaranty (sometimes called a “guaranty of collection”) is that, under the former, no duty is imposed on the creditor to attempt to collect from the primary obligor prior to attempting to collect from the guarantor. Under a conditional guaranty, on the other hand, the creditor is first required to use reasonable diligence to collect from the primary obligor before looking to the assets of the guarantor. Wolfe v. Schuster, 591 S.W.2d 926, 930 (Tex.Civ.App.—1979, no writ); McGhee v. Wynnewood State Bank, 297 S.W.2d 876, 883-884 (Tex.Civ.App.—1957, writ ref’d n.r.e.); see also Eisenberg, ed., Debtor-Creditor Law § 17.03(C)(2)(b) (1985); 38 C.J.S. Guaranty § 7 (1943 and Supp.1985). Thus, it is obvious that the conditional/unconditional guaranty distinc *586 tion has no relevance to the issue in this cause. See Commercial Discount Corp. v. Bayer, 57 Ill.App.3d 295,14 Ill.Dec. 647, 372 N.E.2d 926 (1978) (term “debtor” in U.C.C. § 9-504 includes absolute, unconditional guarantors); cf. United States v. Willis, 593 F.2d 247, 254 (6th Cir.1979) (conditional/ unconditional guaranty distinction irrelevant as to “commercial reasonableness” issue under U.C.C. § 9-504).
Appellee’s argument also fails for a second reason. Texas Bus. & Com.Code Ann. § 9.501 (Supp.1986) provides that a “debtor” may not waive his rights under § 9.504, including his right to notice of sale, except as provided in § 9.504(c). Since it is settled law that the term “debt- or” as used in § 9.504 includes guarantors of secured transactions, Gentry v. Highlands State Bank, 633 S.W.2d at 592, it would be illogical for this Court to hold other than that the term “debtor” in § 9.501 also includes guarantors of secured transactions, and we do so hold. Thus, under Tex.Bus. & Com.Code Ann. § 9.501 (Supp.1986), guarantors of secured transactions, whether conditional or unconditional, may not waive their rights under § 9.504. See 9 Anderson, Uniform Commercial Code § 9-504:64 (1985) (majority of jurisdictions hold guarantors may not waive rights under U.C.C. § 9-504).
We sustain appellants’ point of error, reverse that part of the judgment of the trial court that pertains to the $37,319.53 deficiency, and remand that part of the cause to the trial court for a trial on the merits.

. The assignments and guaranties were included within the retail installment contracts. The guaranties read in toto:
DISTRIBUTOR’S GUARANTEE
In consideration of the Purchase of the foregoing Retail Installment Contract (hereinafter called the "Contract") by MACK FINANCIAL CORPORATION (hereinafter called the “As-signee”) and for other good and valuable consideration, the undersigned hereby unconditionally guarantees the performance of each and every obligation of the buyer in the Contract including the payment of all sums due and to become due from the buyer thereunder; and if the buyer shall default in the performance of any such obligations, or in the event of any other condition or occurrence by which the total balance remaining unpaid under the Contract becomes, or at the option of the holder of the Contract may become immediately due and payable, then the undersigned shall upon demand immediately pay to the Assignee all sums due under the Contract, upon the payment of which sums the Contract shall be reassigned by the Assignee to the undersigned without warranty and without recourse.
The Assignee shall be under no obligation to the undersigned to take any steps whatever toward the enforcement of the Contract against the buyer or against the property covered by the Contract. If the Assignee chooses to and does repossess the property covered by the Contract, the undersigned shall pay to the Assignee immediately upon demand any deficiency or balance that may be due under the Contract and or by law after crediting the proceeds of the sale of said property, less the expenses of retaking, storing and selling the property, including attorney’s fees and the cost of repairs and other reasonable costs of preparing the property for sale, as specified in the Contract.
The undersigned agrees that no waiver or variation of any of the terms of the Contract, including any extension of payment of sums due thereunder, will affect the liability of the undersigned hereunder. The undersigned hereby waives notice of the exercise by the Assignee of any right under the Contract, including notice of any repossession or foreclosure or the time and place of any sale. The provisions of this guarantee shall inure to the benefit of the successors and assigns of the Assignee. (Emphasis added.)
/s/Carl S. Peck, President Austin Mack Sales, Inc.

. The guaranty executed by Carl S. Peck and Margery L. Peck read in pertinent part:
PERSONAL GUARANTY
In consideration of the extension from time to time of credit and/or other financing accommodations by MACK FINANCIAL CORPORATION ("M.F.C.”) and/or MACK TRUCKS, INC. (“Mack”) to Austin Mack Sales, Inc. of P.O. Box 18118 — 5109 East Ben White, Austin, Texas ("Debtor"), the undersigned hereby (jointly and severally, if more than one) absolutely and unconditionally guarantee (s) the full, prompt and faithful payment of any and all indebtedness of Debtor to M.F.C. and/or Mack, now owing or hereafter to be incurred, including, without limitation, the prompt payment, as specified therein, of each and all notes, checks, drafts, conditional sale agreements, retail installment contracts, chattel mortgages, contracts, trust receipts, and other obligations of every kind and description, made, signed, drawn, accepted, endorsed or guaranteed by Debtor or with respect to *585 which the Debtor is in any other manner obligated, which M.F.C. and/or Mack may now or hereafter have, hold, purchase or obtain. (Emphasis added.)
/s/Carl S. Peck Margery L. Peck