flinn 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-91-314-CV






JAMES NEILL WILKERSON,



 APPELLANT


vs.





ROBERT F. FLINN AND WIFE CHARLOTTE FLINN,



 APPELLEES




 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 90-319-C368, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING



 





 We withdraw our previous opinion, dated April 1, 1992, and substitute the
following opinion.

 James Neill Wilkerson appeals from a summary judgment granted on the motion
of Robert and Charlotte Flinn. Wilkerson contends the trial court erred (1) by rendering
summary judgment on pleadings Wilkerson had not received before the summary-judgment
hearing, and (2) by allowing the Flinns to amend their pleadings less than three days before the
hearing. We will affirm the judgment.



CHRONOLOGY OF THE CONTROVERSY


 December 30, 1985 -- Wilkerson executed and delivered his promissory note
payable to the Flinns.

 August 7, 1990 -- The Flinns sued Wilkerson to recover the amount due on the
promissory note. The Flinns prayed for recovery of the principal amount of the note, along with
interest, attorney's fees and costs. Wilkerson's answer is not included in the appellate record, but
he apparently filed a timely general denial.

 December 12, 1990 -- The Flinns moved for summary judgment, based on the
pleadings, affidavits by Charlotte Flinn and the Flinns' attorney, and admissions by Wilkerson. 
A hearing on the motion was set for March 20, 1991.

 March 13, 1991 -- Wilkerson responded to the motion for summary judgment for
the first time by filing "Defendant's First Amended [Original] Answer and Counterclaim." In that
pleading he generally denied the Flinns' allegations and set forth a counterclaim alleging the
Flinns had fraudulently induced him to enter into the real-estate transaction which gave rise to the
promissory note. In his "Response to Motion for Summary Judgment," apparently filed also on
March 13, Wilkerson disputed certain portions of the affidavits of Charlotte Flinn and the Flinns'
attorney.

 March 14, 1991 -- The Flinns responded to Wilkerson's pleadings by preparing (1)
a motion for leave to file an amended original petition and a supplemental petition, and (2) a
motion for leave to file a first amended motion for summary judgment with additional affidavits. 
They mailed to Wilkerson the first motion on March 14 and the second on March 15, including
the appropriate amended and supplemental pleadings with each motion.

 March 18, 1991 -- The Flinns filed the two motions they had prepared on March
14 and included the pertinent pleadings with each of the motions. Wilkerson acknowledges
receiving on March 18 the amended motion for summary judgment, which the Flinns mailed on
March 15, but he claims he did not receive the motion and amended and supplemental petitions
mailed on March 14 until two hours after the March 20 hearing. (1)

 March 20, 1991 -- Before the scheduled 9:00 a.m. hearing, Wilkerson filed his
motion for leave to file a response to the Flinns' motion for summary judgment and personally
delivered the motion to the Flinns' attorney. Wilkerson alleged in his motion that the Flinns'
amended motion for summary judgment surprised him and prayed that the court deny the Flinns'
motion for leave to file the amended motion for summary judgment. Although we cannot
determine whether the court considered Wilkerson's motion during the hearing, the court did sign
Wilkerson's order in the afternoon of March 20. The order, which Wilkerson supplied to the
court, did not deny the Flinns leave to file their amended pleadings; it merely granted Wilkerson
leave to file his response to the motion for summary judgment and his amended answer and
counterclaim.

 The March 20 hearing occurred as scheduled. Although the hearing was not
transcribed, the docket sheet reflects the trial court announced that it granted part of the Flinns'
motion for summary judgment at the hearing.

 March 23, 1991 -- In a letter to the trial judge, Wilkerson stated he did not receive
the amended and supplemental pleadings until after the hearing and did not have the benefit of
seeing those pleadings before or during the hearing. Wilkerson suggested the trial court not sign
the Flinns' proposed order, but he did not file a motion asking the court to reconsider its oral
ruling recorded on the docket sheet.

 April 1, 1991 -- The trial court granted the Flinns' March 18 motions and ordered
the court clerk to file the amended original petition and supplemental petition, as well as the
amended motion for summary judgment. The trial court also awarded the Flinns partial summary
judgment on their claim and ordered that Wilkerson take nothing by his counterclaim. The court
found that a material issue of fact existed as to the amount of attorney's fees which the Flinns
were entitled to recover, and set that part of the controversy for trial on May 14.

 May 28, 1991 -- After a trial on the attorney's fees issue, the trial court rendered
final judgment for the Flinns, granting them recovery of the principal amount of the note, interest,
and attorney's fees. Wilkerson appeals from this judgment.



LATE RECEIPT OF PLEADINGS


 In his first point of error, Wilkerson complains the trial court erred in granting the
partial summary judgment and the final judgment after being made aware that Wilkerson had not
received the pleadings upon which the court granted summary judgment before the hearing. 
Wilkerson contends he brought the lack of notice to the attention of the court in letters written
after the March 20 hearing, but the trial court erroneously signed the final judgment anyway. (2) 

 The trial court was not bound to assume the truth of Wilkerson's assertion that he
did not receive the amended and supplemental pleadings until after the March 20 hearing. (3) We
believe Wilkerson had to file a motion for new trial to preserve error; and to prevail thereon,
Wilkerson would have had to present evidence to establish the delayed receipt of the amended and
supplemental pleadings. See HCFCO, Inc. v. White, 750 S.W.2d 23, 24 (Tex. App.--Waco 1988,
no writ) (the question of lack of service is a question of fact). A motion for new trial is a
prerequisite to appeal a complaint on which evidence must be heard. Tex. R. Civ. P. 324(b); cf.
Lee v. Braeburn Valley West Civic Ass'n, 786 S.W.2d 262, 263 (Tex. 1990) (a motion for new
trial is necessary when a party wishes to explain his absence from a summary-judgment hearing).

 A party who receives inadequate notice of a summary-judgment hearing must file
a motion for new trial in order to complain on appeal. See French v. Brown, 424 S.W.2d 893,
894 (Tex. 1967). In French, the plaintiff filed a motion for summary judgment and mailed a copy
of the pleading to the defendant. The defendant never received the motion, and learned of the
proceeding only after the trial court granted the summary judgment. The defendant filed a motion
for new trial that was overruled by operation of law. The defendant did not appeal, but later
attacked the judgment by bill of review, asserting the trial court lacked jurisdiction to render
summary judgment because the defendant had no notice of the summary-judgment hearing. The
supreme court disagreed, stating that the failure to provide service of the motion for summary
judgment did not deprive the trial court of jurisdiction: "[A]t the most, such rendered the
summary judgment erroneous, corrective either by the trial court in response to [Defendant's]
timely filed motion for new trial, or, upon its overruling, by the appellate courts on appeal." Id.
(emphasis added); see also Edwards v. State Bank of Satanta, Kan., 705 S.W.2d 839, 843 (Tex.
App.--Amarillo 1986, no writ) (stating that failure to give notice of a summary-judgment hearing
does not vitiate a summary judgment but is a procedural anomaly for the trial court to correct in
response to a motion for new trial); Ex parte Bowers, 671 S.W.2d 931, 936 (Tex. App.--Amarillo
1984, no writ) (stating that an erroneous summary-judgment order may be voidable, but is not
void, if the trial court had jurisdiction of the subject matter and the parties).

 Unlike the nonmovants in French and Edwards, Wilkerson had notice of the
summary-judgment hearing, and before the hearing he received a copy of the amended motion for
summary judgment. Moreover, he appeared and argued that the summary judgment should be
denied. He complains only that he had not seen the pleadings on which the trial court rendered
summary judgment. (4) We believe, however, that if a motion for new trial is a prerequisite to
appealing when the nonmovant did not receive notice of the hearing, it is also required when the
nonmovant claims he did not have notice of the pleadings on which the summary judgment was
granted. See Delta (Del.) Petroleum & Energy Corp. v. Houston Fishing Tools Co., 670 S.W.2d
295, 296 (Tex. App.--Houston [1st Dist.] 1983, no writ) (holding that a party complaining of less
than twenty-one days' notice of a summary-judgment hearing waived the error by failing to file
a post-trial motion to have the judgment set aside).

 In his motion for rehearing, Wilkerson relies on Wilson v. Dunn, 800 S.W.2d 833
(Tex. 1990), and Lee v. Braeburn Valley West Civic Ass'n, 786 S.W.2d 262 (Tex. 1990), to
support his contention that his failure to file a motion for new trial did not waive error. In
Wilson, the trial court rendered a default judgment against a defendant who admitted receipt, but
not service, of the pleadings. The Texas Supreme Court found the default judgment to be
erroneous because service had not been made in strict compliance with the law. Id. at 837. The
court, in response to the movant's argument that the notice given comported with the standard set
forth in the Restatement (Second) of Judgments, (5) noted the Restatement specifically sets forth a
default-judgment exception. Id. A comment to section 3 of the Restatement points out that a
default judgment is "awarded not because the court is entirely satisfied that the claim had
substantive merit . . . but because the party in default was derelict in complying with the rules of
procedure . . . ." Restatement (Second) of Judgments § 3 cmt. d (1982). The Restatement goes
on to state that if the party originally in non-conformity with the rules can show that the person
commencing the action is guilty of comparable non-conformity, "under a principle of equality the
derelictions offset each other." Id.

 The court's specific holding in Wilson, which we read narrowly, was that a default
judgment was erroneous against a defendant not served in strict compliance with the law. The
posture of the case before us is a summary judgment where Wilkerson not only had notice of the
proceeding but also attended. He had ample opportunity to preserve error either by registering
a formal objection in proper form during or after the hearing or by filing a motion for new trial. 
The record does not indicate he did so.

 Although Wilkerson expressed his dissatisfaction with the proposed judgment in
the March 23 letter to the trial judge, we do not believe the letter qualifies as a motion for new
trial. In the pertinent part of the letter, Wilkerson said, "I suggest that the order should not be
signed. . . . If for some reason it is your decision to go ahead and sign an order granting a partial
summary judgment, I would appreciate adequate time to present my own proposed order to
accurately reflect the status of the pleadings, etc. at the time of the hearing."

 One judges a motion for new trial not by its form but by its substance. Taylor v.
Trans-Continental Properties, Ltd., 739 S.W.2d 873, 876 (Tex. App.--Tyler 1987, no writ). An
instrument may function as a motion for new trial even though it is not so entitled. Id. The
instrument must, however, seek at minimum to have an existing judgment set aside and request
relitigation of the issues. Mercer v. Band, 454 S.W.2d 833, 835 (Tex. Civ. App.--Houston [14th
Dist.] 1970, no writ). Wilkerson's letter did nothing more than "suggest" the trial court not sign
the proposed order and asked in the alternative for the court to delay signing the order until
Wilkerson could present his own order. Such a letter is insufficient to function as a motion for
new trial. See Garza v. Garza, 608 S.W.2d 260, 261-62 (Tex. Civ. App.--San Antonio 1980, writ
dism'd) (rejecting a claim that a letter expressing dissatisfaction with the trial court's ruling
operated as a motion for new trial, because the letter did not pray that the judgment be set aside
or that the case be retried). 

 In his motion for rehearing, Wilkerson also quarrels with this court's interpretation
of Lee. Wilkerson reads the case to hold that an appellate court may hear all errors stemming
from a summary judgment proceeding. We disagree with his interpretation.

 Lee involved a summary-judgment proceeding in which Lee filed a response to his
opponent's motion for summary judgment but was not present at the hearing. The trial court
granted summary judgment in favor of the movant, and Lee filed a motion for new trial explaining
his absence from the hearing, which the trial court overruled. Lee, 786 S.W.2d at 262. On
appeal, Lee advanced as error both his absence from the hearing and several points previously
urged in his response to the motion for summary judgment. The Texas Supreme Court held that
a motion for new trial was necessary under Texas Rule of Appellate Procedure 52(a) to preserve
error on the absence argument but not necessary to preserve error on complaints which had
already been urged in the response to the motion for summary judgment. Id. at 263. The court
did not state, as Wilkerson argues, that all errors stemming from the summary judgment
proceeding could be heard on appeal; it clearly limited Lee to the point raised in his motion for
new trial and those points raised in his response to the motion for summary judgment. Wilkerson,
on appeal, is not urging arguments raised in his response to the Flinn's motion for summary
judgment; nor did he file a motion for new trial to raise his lack-of-service argument.

 The purpose of a motion for new trial is to inform the trial court of an error and
to give the court an opportunity to correct the error. (6) Texas Rule of Civil Procedure 324 does not
negate the requirement of a motion for new trial under Texas Rule of Appellate Procedure 52(a). 
Rule 324 is designed to make more liberal the prerequisites of appeal once a point of error has
been preserved. "[A] point of error which has been properly preserved will not be waived if it
is omitted from a motion for new trial . . . ." Western Const. Co. v. Valero Transmission Co.,
655 S.W.2d 251, 256 (Tex. App.--Corpus Christi 1983, no writ). In the case before us, absent
a statement of facts indicating a properly-made objection at or following the hearing, we conclude
a motion for new trial was necessary for Wilkerson to have preserved his error.

 Because Wilkerson did not seek relief by a motion for new trial, we hold that he
failed to preserve his contention that the trial court erred by rendering summary judgment for the
Flinns. See Tex. R. Civ. P. 324(b); see also Wenco of El Paso/Las Cruces, Inc. v. Nazario, 783
S.W.2d 663, 664 (Tex. App.--El Paso 1989, no writ) (holding that an appellant complaining of
improper notice of summary judgment hearing waived error by failing to object and obtain an
adverse ruling). Nor did he obtain a hearing and present evidence to substantiate his allegations
of late receipt. See Cocke v. Saks, 776 S.W.2d 788, 790 (Tex. App.--Corpus Christi 1989, writ
denied).

 We overrule the first point of error. (7)


 

GRANTING OF MOTIONS TO FILE AMENDED PLEADINGS


 In his second point of error, Wilkerson contends the trial court abused its discretion
and denied Wilkerson due process of law by granting the Flinns' motion for leave to file the
amended and supplemental petitions and their motion for leave to file the amended motion for
summary judgment. He argues the court erred because (1) the Flinns filed the motions just forty-eight hours before the hearing, and (2) Wilkerson received one motion only forty-five hours
before the hearing and did not receive the other motion until after the hearing. 

 Without question, the Flinns filed their amended pleadings after the twenty-one day
limit set out in Rule 166a. Tex. R. Civ. P. 166a(c) (except on leave of court, and with notice to
opposing counsel, a movant for summary judgment must file and serve the motion for summary
judgment and any supporting affidavits at least twenty-one days before the hearing date). We do
not believe, however, that Wilkerson has established a right to relief. First, in order to preserve
his complaint for appellate review, he was obliged to present a timely request, objection, or
motion to the trial court and obtain a ruling thereon. Tex. R. App. P. 52.

 In his motion for leave to file a response to the Flinns' amended summary-judgment
motion, Wilkerson alleged the amended summary-judgment motion surprised him and requested
that the trial court reject the Flinns' motion for leave to file the amended summary-judgment
motion. Yet the trial court's order on Wilkerson's motion only granted him leave to file his
response to the Flinns' amended motion for summary judgment and his amended answer and
counterclaim; the order contained no ruling on Wilkerson's request that the court deny the Flinns'
motion for leave to file the amended motion for summary judgment. Consequently, Wilkerson
failed to obtain a ruling on that part of his motion and did not preserve error. Moreover, even
if we were to construe Wilkerson's March 23 letter to the trial court as a request within the
meaning of Rule 52, we find nothing in the record to suggest the trial court ruled on that request
either. See Prade v. Helm, 725 S.W.2d 525, 526-27 (Tex. App.--Dallas 1987, no writ) (holding
that a party complaining of inadequate notice of a sanctions hearing under Rules 21 and 21a
waived error by not making a specific objection and obtaining a ruling on that objection).

 Second, a summary-judgment proceeding is a "trial" within the meaning of Texas
Rule of Civil Procedure 63. Goswami v. Metropolitan Sav. & Loan Ass'n, 751 S.W.2d 487, 490
(Tex. 1988). Rule 63 allows a party who obtains the trial judge's approval to amend pleadings
within seven days of trial. Tex. R. Civ. P. 63. The trial court has no discretion to refuse a party
permission to amend its pleadings or respond to pleadings of other parties unless the opposing
party demonstrates surprise. Id.; see Goswami, 751 S.W.2d at 490. Wilkerson knew of the
amended motion for summary judgment two days before the hearing and appeared at the hearing,
but the record does not show, nor does he allege, that during the summary-judgment hearing or
another hearing he demonstrated surprise or requested a continuance. See Manhattan Const. Co.
v. Hood Lanco, Inc., 762 S.W.2d 617, 619 (Tex. App.--Houston [14th Dist.] 1988, writ denied)
(a party waives a complaint of inadequate notice of a summary-judgment hearing when it receives
notice of the hearing and appears at the hearing but does not file affidavits or request a
continuance); Davis v. Davis, 734 S.W.2d 707, 712 (Tex. App.--Houston [14th Dist.] 1987, writ
ref'd n.r.e.) ("Since the appellant participated in the hearing on the appellees' motions for
summary judgment without objection, and failed to ask for a continuance, rehearing, or new trial,
he has waived any objection or right to appeal.").

 Wilkerson argues that Texas law allows a nonmovant at least fourteen days to
prepare a response to a summary-judgment motion and to gather summary-judgment proof; in
support of that contention he cites Extended Services Program v. First Extended Services, Inc.,
601 S.W.2d 469 (Tex. Civ. App.--Dallas 1980, writ ref'd n.r.e.). In Extended Services Program,
the court of civil appeals reversed a summary judgment because the movant filed summary-judgment proof only eighteen days before the hearing. Id. at 470. That case is distinguishable
from the present case, however, because in Extended Services Program the movant did not file
a motion for leave to file amended pleadings. The Flinns did file motions for leave to file their
amended pleadings, and the trial court granted those motions. See City of Dallas v. Continental
Airlines, Inc., 735 S.W.2d 496, 500 (Tex. App.--Dallas 1987, writ denied).

 The granting or denial of a motion for leave to file an amended pleading is within
the discretion of the trial court. White v. Independence Bank, N.A., 794 S.W. 895, 900 (Tex.
App.--Houston [1st Dist.] 1990, writ denied). We do not believe the trial court abused its
discretion by allowing the Flinns to amend their pleadings, particularly when the Flinns filed their
summary-judgment motion on December 12, 1990, and Wilkerson did not file his response and
amended pleading until three months later, just seven days before the hearing. We therefore
conclude that the trial court did not err by granting the Flinns leave to file their amended
pleadings or by considering the amended motion for summary judgment at the hearing. We
overrule the second point of error.

 Finding no error in the trial-court judgment, we affirm the judgment in all respects.



 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: October 21, 1992

[Do Not Publish]

1. Although the Flinns' attorney mailed the motions and pleadings by certified mail,
nothing in the record indicates when Wilkerson received the documents, nor when the
Flinns received any green certificate indicating Wilkerson's receipt. 
2. The Flinns argue that Wilkerson waived the point of error because his brief contains
no citations to authority to support his complaint. See Lakeway Land Co. v. Kizer, 796
S.W.2d 820, 827 (Tex. App.--Austin 1990, writ denied); see also Trenholm v. Ratcliff, 646
S.W.2d 927, 934 (Tex. 1983). In the argument portion of his brief under the first point of
error, Wilkerson's only reference to authority is, "Due process and the Texas Rules of Civil
Procedure require that notice and service always be accomplished at some time prior to the
hearing." He does not distinguish between the due process clauses of the Texas and federal
constitutions, and does not point out which rules of procedure require service and process.

 

 We will, nevertheless, address Wilkerson's point of error. In his brief Wilkerson also
states, "There are no cases which have been found by Appellant on the issue of whether or not
it is proper to have a hearing on pleadings with which the non-movant has not been served nor
had notice of until after the completion of the hearing." We understand this to be a statement
that the argument is one of first impression. A party who asserts that an argument is one of
first impression apparently does not waive the point of error, even though he or she does not
cite authority. See Clear Creek Indep. Sch. Dist. v. Commissioner of Educ., 775 S.W.2d 490,
494-95 (Tex. App.--Austin 1989, no writ); Wolf v. Fernandez, 733 S.W.2d 695, 697 (Tex.
App.--San Antonio 1987, writ ref'd n.r.e.). 


 In his motion for rehearing, Wilkerson does advance caselaw in support of his
arguments. 
3. We note that the standard of review for determining whether the trial court
properly granted summary judgment is not applicable here. See Nixon v. Mr. Property
Management Co., 690 S.W.2d 546 (Tex. 1985) (setting forth the presumptions which operate
in favor of the nonmovant). Wilkerson does not complain on appeal that genuine issues of fact
existed as to his liability on the note, thereby precluding summary judgment. Instead, he
complains only of the trial court's refusal to set aside the partial summary judgment because
Wilkerson allegedly did not receive the pleadings before the hearing.
4. The amended and supplemental pleadings did not substantially change the nature of
the plaintiffs' cause of action. The original petition prayed for recovery of (1) the
principal amount of $142,023.60; (2) prejudgment interest of $2483.80, as well as interest
accruing at a rate of 10.5% per year from August 1, 1987, to July 30, 1990, and fifteen
percent interest thereafter; (3) attorney's fees of $19,000; (4) costs of court; and (5)
postjudgment interest. 


 The amended original petition prayed for (1) the principal amount of $144,030.60;
(2) prejudgment interest of $10,371.74 for the period up to July 30, 1990, and fifteen
percent thereafter; (3) attorney's fees of $16,885.00; (4) costs of court; and (5)
postjudgment interest. Moreover, the amended petition credited Wilkerson with certain
sums he claimed to have paid.

 

 Finally, the supplemental petition merely interposed a general denial to
Wilkerson's counterclaim and alleged that both laches and a statute of limitation barred
the counterclaim.
5.   Section 3 of the Restatement (Second) of Judgments (1982), states: "When actual
notice of an action has been given, irregularity in the content of the notice or the manner
in which it is given does not render the notice inadequate."
6.   Once the trial court's plenary power over a cause ends, there is no purpose for such
a motion, and, in those situations, courts have not required a motion for new trial to
preserve error for appeal. See Gomez v. Gomez, 577 S.W.2d 327 (Tex. Civ. App.--Corpus
Christi 1979, no writ) (plaintiff's complaint not apparent until trial court filed findings of fact
and conclusions of law ten days after trial court's judgment was final). This, however, was
not the procedural posture in which Wilkerson was placed.
7.   A certificate signed by the attorney of record showing service of documents is prima
facie evidence of the fact of service. Tex. R. Civ. P. Ann. 21a (Supp. 1992). Thus, Rule
21 creates a presumption of actual receipt when a document is mailed properly addressed
and postage prepaid. Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987). The presumption
of service vanishes, however, when the addressee offers proof of nonreceipt. Id.


 The Flinns' attorney certified on March 14 that he had served on Wilkerson the motion
for leave to file the amended and supplemental pleadings and the pleadings themselves. 
Wilkerson's sworn testimony in the attorney's fees hearing that he did not receive the
pleadings was sufficient to destroy the presumption of service, but it avails Wilkerson nothing
because he did not make a post-trial motion to reconsider the summary-judgment order.