**FEDERAL DEPOSIT INSURANCE CORP., as receiver for First National Bank of Corpus Christi, Appellant,**

v.

**Martha D. MOORE, co-trustee of the MDM Trust, Appellee.**

**No. 13–91–480–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 7, 1993.

Rehearing Overruled Feb. 4, 1993.

Ernest L. Duncan, Jr., Meredith, Donnell & Abernathy, Corpus Christi, for appellant.

Robert R. Miller, Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

### GILBERTO HINOJOSA, Justice.

This is an appeal from a summary judgment granted the plaintiff. Martha D. Moore, Co–Trustee of the MDM Trust, sued Central National Gulfbank, seeking a declaration that a deed of trust and its lien were null and void and that she was not indebted to the Bank. The Bank filed a counter-claim against the MDM Trust and a third-party action against Martha D. Moore, individually and as trustee of the MDM Trust (collectively Moore), seeking a declaration that Moore was liable on the promissory note and the guaranty agreement on which she had allegedly defaulted and that the Bank held a valid lien upon certain property on which it had the right to foreclose. The trial court entered a partial summary judgment in Moore's favor and severed her cause of action from the Bank's cause of action against Moore. The FDIC[1] appeals by three points of error. We reverse and remand.

The Bank asserts the following facts: In April 1986, it loaned $173,179.56 to First Galaxy Corporation, f/k/a Merry Widows, Inc., d/b/a Paper Moon (Corporation). At the loan's closing, Carolyn Jensen, the Corporation's president, and Martha D. Moore, the Corporation's vice-president, executed a "VARIABLE RATE NOTE" and a "SECURITY AGREEMENT" on the Corporation's behalf. The note was in the sum of $173,-179.56 and was made payable to the Bank. The Security Agreement named the Bank as the secured party and granted it a security interest in collateral which included the Corporation's inventory, equipment, leasehold improvements, and accounts receivable.

Also at the closing, Moore, as Trustee of the MDM Trust, executed a "DEED OF TRUST" to Jimmy R. Price, Trustee. The Deed of Trust covered Lot 29, Block 1, Lee Manor, which had a street address of 309 Haroldson, Corpus Christi, Texas. Moore, in her capacity as trustee, also signed a guaranty of $100,000 of the loan to the Corporation. (The Bank pointed out that Moore had denied signing the guaranty.)

Payment on the note became overdue. On September 19, 1986, Moore filed her declaratory action against the Bank. On December 1, 1986, the Corporation filed a petition in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, under Chapter 11 of the Bankruptcy Code. Pursuant to the Bankruptcy Court's orders, the Corporation's furniture, fixtures, equipment, and inventory were sold at an auction sale, and the proceeds were deposited in a cash-collateral account with the Bank. The Bank applied the proceeds in the cash-collateral account, along with the proceeds of several certificates of deposit, to the Corporation's debt. This left $108,000 remaining on the loan balance. The trial court granted partial summary judgment favorable to Moore on April 13, 1990.

The burden of proving lack of a genuine issue of material fact is upon the movant and all doubts are resolved against the movant. *University of Texas Health Science Center v. Big Train Carpet*, 739 S.W.2d 792, 792 (Tex.1987). The movant has the burden of establishing entitlement to a summary judgment by conclusively proving all elements of the cause of action or defense as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). When the plaintiff moves for summary judgment, he or she must show entitlement to prevail on each element of the cause of action, except damages. TEX.R.CIV.P.

1. Pursuant to an "ORDER SUBSTITUTING PARTIES," the trial court ordered that the Federal Deposit Insurance Corporation, as receiver for First National Bank of Corpus Christi and in its corporate capacity, be substituted for First National Bank of Corpus Christi, f/k/a Central National Gulfbank, as the defendant, and cross-, and counter-plaintiff, and a true party at interest in this case.

166a(c). The plaintiff has met the burden if he or she produces evidence that would be sufficient to support an instructed verdict. *Braden v. New Ulm State Bank*, 618 S.W.2d 780, 782 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

By point one, the FDIC contends that the trial court erred in granting summary judgment favorable to Moore. Moore's summary judgment motion asserted she was entitled to judgment as a matter of law because: (1) she owed no indebtedness to the Bank; thus, the Deed of Trust was invalid; and (2) the guaranty alleged by the Bank had been discharged since the Bank foreclosed on and sold the Paper Moon's assets without providing notice to her. This sale, as a matter of law, discharged any amount she might otherwise have owed the Bank under the alleged guaranty.

In support of her summary judgment motion, Moore referred[2] the trial court to her own deposition, and the depositions of Carolyn Jensen and Jimmy R. Price. In its response, the Bank asserted that the three depositions were not before the trial court and that Price's and Jensen's depositions had neither been filed with the clerk, nor attached to the motion. On appeal, the Bank contends that the trial court could not have considered the depositions of Price, Moore, and Jensen as summary judgment proof because they were not on file at least twenty-one days before the summary judgment hearing.

Rule 166a(c) of the Texas Rules of Civil Procedure provides, in relevant part:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

TEX.R.CIV.P. 166a(c). The issue whether summary judgment evidence must be on file twenty-one days before the hearing was addressed in *Extended Services Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). In *Extended Services*, the trial court granted summary judgment favorable to defendant-appellee. The only summary judgment evidence on file at the time of the hearing was Carl H. Wescott's deposition. On appeal, the plaintiff complained that the trial court erred in granting summary judgment because no summary judgment evidence was on file more than twenty-one days prior to the hearing. The Court held:

> [I]mplicit in this language of rule 166–A(c)[3] is the requirement that the movant shall serve all summary judgment evidence upon which the movant's motion depends at least twenty-one days prior to the hearing. In our view, by placing a seven-day limitation on the nonmovant's response, rule 166–A(c) presupposes that the nonmovant has had at least fourteen days to obtain and to file summary judgment evidence to refute the movant's evidence. To hold otherwise would permit the movant to take unfair advantage of the nonmovant by permitting the movant to serve his summary judgment evidence on the nonmovant on the seventh day before the hearing, thus requiring the nonmovant's response to depend upon leave of the court. This would be untenable under our summary judgment practice.

*Extended Services*, 601 S.W.2d at 470. The Court concluded that Wescott's deposition, filed eighteen days prior to the hear-

---

**2.** Paragraph III. of Moore's summary judgment motion stated, in relevant part:

In support of this Motion, Plaintiff refers the Court to the pleadings, the affidavit of Robert R. Miller, together with the Exhibits attached thereto, the Answers of Martha D. Moore to the Interrogatories and Request for Admissions on file in this cause, and the depositions of Carolyn Jensen, Martha D. Moore and Jimmy R. Price. . . .

**3.** The Court quoted the language of Rule 166A(c) as follows: "Except on leave of court, the motion shall be served at least twenty-one days before the time specified for the hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response."

ing, was not properly before the court as summary judgment evidence.

Another case which addressed this issue was *Story v. Henry S. Miller Management Corp.*, 630 S.W.2d 839 (Tex.App.—Houston [1st Dist.] 1982, no writ). In *Story*, the trial court granted summary judgment favorable to plaintiffs-appellees. On appeal, Story contended that two assignments of leasehold interests, necessary to support summary judgment, were filed six days prior to the summary judgment hearing. The Court stated:

> The language of Rule 166–A(c)[4] is clear and unambiguous that the movant shall serve all summary judgment evidence upon which the movant's motion depends at least twenty-one days prior to the hearing. We hold that summary judgment evidence filed by the movant six days prior to the summary judgment hearing, without notice to opposing counsel and without leave of court, was not properly before the court as summary judgment evidence.

*Story*, 630 S.W.2d at 841.

■ In this case, Moore filed her summary judgment motion on January 5, 1989. The trial court set the hearing date for January 27, 1989, and the docket sheets show that the summary judgment motion was heard on that date. Moore did not file the depositions of herself, Price, and Jensen with the Nueces County District Clerk until January 20, 1989. The record does not show that Moore either requested or obtained leave of court to file these depositions, or that the Bank agreed to the late filing. We therefore hold that the trial court could not have considered the three depositions as summary judgment evidence. TEX.R.CIV.P. 166a(c). *See Story*, 630 S.W.2d at 841; *Extended Services*, 601 S.W.2d at 470.

The thrust of Moore's summary judgment motion was that the Bank's failure to notify her of the sale of the Paper Moon assets discharged, as a matter of law, any amount she might otherwise have owed the Bank under the alleged guaranty. Section 9.504 of the Texas Business & Commerce Code provides, in relevant part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent....

TEX.BUS. & COM.CODE ANN. § 9.504(c) (Vernon 1991).

In *Tanenbaum v. Economics Laboratory, Inc.*,[5] the Supreme Court ruled that retention of the chattel under § 9.505 would be "in complete satisfaction of the indebtedness" and that after repossession, the legislature intended to put the secured party to an election between retention under § 9.505 and disposition under § 9.504. Thus, a creditor may obtain a deficiency judgment only after a disposition of the collateral under § 9.504. The *Tanenbaum* court noted that the "only limits on the creditor's disposition of the collateral is that it must be commercially reasonable, and must be made only after notification to the debtor if required by Section 9.504." The opinion concludes that compliance with the notice requirements of § 9.504 is necessary to enable a secured party to sue for a deficiency after disposition of the collateral.

The term "debtor" as used in § 9.504 includes guarantors of secured transactions. *Hernandez v. Bexar County Nat'l Bank*, 710 S.W.2d 684, 687 (Tex.App.—Corpus Christi 1986), *writ ref'd n.r.e.*, 716 S.W.2d 938, (Tex.1986); *Peck v. Mack Trucks, Inc.*, 704 S.W.2d 583, 585 (Tex.

---

**4.** The Court quoted the language of Rule 166A(c) as follows: "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavit shall be filed and served at least twenty-one days before the time specified for hearing."

**5.** 628 S.W.2d 769 (Tex.1982).

App.—Austin 1986, no writ); *Gentry v. Highlands State Bank*, 633 S.W.2d 590, 590–92 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd).

■ The affidavit of attorney Robert R. Miller was attached to Moore's summary judgment motion. Miller, Moore's attorney, stated in his affidavit that about December 5, 1988, he filed and served the Bank with a Motion for Production of Documents. About January 4, 1989, he received a box of documents from Jimmy R. Price, the Bank's president. Miller stated that he completely went through the entire box of documents and found "that there is no notice to Martha D. Moore individually and/or as Co–Trustee of MDM Trust, (or in any other capacity) showing that Central National Gulfbank provided her with notice of the sale of the assets and inventory of the business known as 'Paper Moon.'"

Rule 166a(c) of the Texas Rules of Civil Procedure permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Miller's affidavit may be clear and concise that he went through a box of documents and did not find evidence of written notice. This, then, leads to the inference that Moore did not receive written notice. However, that inference is based on questionable premises. Moore attempts to show that because the Bank never produced a written document of notice in response to her request for production, that no written notice was sent. This inference depends upon matters outside the record, *e.g.*, whether any written notice was still in existence in the Bank's files, or whether the Bank had even retained a copy of written notice. Miller's affidavit does not establish as a matter of law that Moore did not receive written notice from the Bank.[6]

■ Moore also relied on her answers to requests for admissions and her answers to interrogatories to support summary judgment. Answers to requests for admissions and answers to interrogatories may be used as summary judgment evidence only against the party giving the answer. TEX. R.CIV.P. 168(2). *See Jeffrey v. Larry Plotnick Co.*, 532 S.W.2d 99, 102 (Tex.Civ.App.—Dallas 1975, no writ); *Sprouse v. Texas Employers' Ins. Ass'n.*, 459 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.); William V. Dorsaneo, 4 TEXAS LITIGATION GUIDE § 101.03[5] (1992).

■ In this case, Moore moved for summary judgment and had the burden of proof at the hearing. The evidence on file at the time of the hearing was insufficient to sustain her motion. Summary judgment is appropriate only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). Moore did not meet this burden and is therefore not entitled to summary judgment.

Due to our disposition of point one, we need not address the Bank's remaining points of error. TEX.R.APP.P. 90(a).

We REVERSE the trial court's judgment and REMAND the case for trial.

---

**6.** Rule 215 sanctions exist to punish a party for failure to produce documents requested. However, there is no indication that a shortcut to these sanctions exists by way of a summary judgment based on an affidavit concerning materials which were not produced and a questionable inference concerning their non-existence.