### MANHATTAN CONSTRUCTION CO., Appellant,

v.

### HOOD LANCO, INC., Hood Development Co., Broken Bayou, Inc., Robert J. Altfeld and Everett L. Cook, Appellee.

#### No. B14–87–00758–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1988.

Michael C. Neel, Houston, for appellant.

Lew W. Harpold, Daryl W. Bailey, Harpold, McDonald, Fitzgerald, Mueller & Hall, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant [Manhattan] complains of the grant of summary judgment in favor of appellees [Hood Lanco]. Manhattan's claim for indemnity from Hood Lanco was based on a release given by Hood Lanco to Manhattan in accordance with a settlement agreement. The trial court ruled that, as a matter of law, Manhattan was not entitled to indemnity under the release. We affirm the judgment of the trial court.

Manhattan was hired, by parties we will refer to as Westlake, to serve as general contractor for a real estate development project. The construction contract executed by Manhattan and Westlake included the following:

### "SECTION 22

### *INDEMNITY*

*[Manhattan] hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever* (including death resulting therefrom) *to all persons,* whether employees of [Manhattan], its subcontractors, or otherwise, *and to all property caused by, resulting from, arising out of or occurring in connection with the execution of the Work,* except to the extent, if any, expressly prohibited by statute or caused by [Westlake's] willful misconduct. *Should any claims for such damage or injury* (including death resulting therefrom) *be made or asserted, whether or not such claims are based upon [Westlake's] alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of [Westlake], [Manhattan] agrees to indemnify and save harmless [Westlake],* its officers, agents, servants and employees, including Architect, *from and against any and all such claims,* and further from and against any and all loss, cost, expense, liability, damage or injury, including legal fees and disbursements....." [Emphasis added.]

Hood Lanco owned the property adjacent to the Westlake development. Hood Lanco filed suit against a number of parties, in-

cluding Manhattan and Westlake, seeking damages for flooding on its property caused by changes in the elevation of the Westlake development. Westlake cross-claimed against Manhattan seeking indemnity under the construction contract provision.

■ Manhattan and Hood Lanco reached a settlement. Manhattan paid fifteen-thousand dollars to Hood Lanco and received a release. The release provided that Hood Lanco agreed "to indemnify and hold harmless each and all of the parties hereby released from any and all claims, demands, actions and causes of action of whatsoever nature or character which have been or which may hereafter be asserted by any person, firm or corporation whatsoever *claiming by, through or under us.*" [Emphasis added.]

Manhattan then filed suit against Hood Lanco, asserting that the indemnity provision in the settlement agreement required Hood Lanco to indemnify it in the cross-action filed against Manhattan by Westlake. Hood Lanco filed a motion for summary judgment. Hood Lanco's motion for summary judgment asserted that the settlement agreement did not, as a matter of law, entitle Manhattan to indemnity, since Westlake's claim against Manhattan arose from the specific language of the construction contract between those two parties, and not *by, through and under* Hood Lanco's original claim for damages. The trial court agreed and granted the summary judgment.

Manhattan filed no response or controverting affidavits, a fact that is reflected in the language of the judgment itself. Accordingly, Manhattan is limited on appeal to asserting that the grounds presented by Hood Lanco were insufficient as a matter of law. No other issues may be raised as grounds for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

The summary judgment was granted on the basis of the settlement agreement between Manhattan and Hood Lanco. The trial court held that the settlement agreement did not entitle Manhattan to indemni-

ty from Hood Lanco in the cross-action against it by Westlake.

No issue of ambiguity was presented to the trial court. Further, if the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). The trial court applied the plain meaning of the settlement agreement. Since, Westlake's claim against Manhattan arises from the specific provisions of the contract between them and not by, through and under Hood Lanco, the trial court correctly ruled Manhattan was not entitled to any indemnity from Hood Lanco based on the settlement agreement. Points of error two and three are overruled.

■ Manhattan alleges in point of error number one, that the summary judgment was improper since it did not receive the requisite twenty-one days notice. However, Manhattan received notice of the hearing, appeared at the hearing, filed no affidavit stating reasons precluding the presentation of facts essential to its opposition to summary judgment, and did not ask for a continuance. It has, therefore, waived any error on the issue. *Clear Creek,* 589 S.W.2d at 678; *Hudenburg v. Neff,* 643 S.W.2d 517, 518 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), *cert. denied* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1984). Point of error number one is overruled.

■ In its final point of error, Manhattan contends the trial court erred in granting Hood Lanco's motion for severance. Tex.R.Civ.P. 41 provides that "any claim against a party may be severed and proceeded with separately". A claim may be properly severed if it is part of a controversy which involves more that one cause of action, and the trial court is given broad discretion in the manner of severance of causes. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 525 (Tex.1982). The trial court properly ruled that the settlement agreement did not entitle Manhat-

**620**

tan to indemnity from Hood Lanco in the Westlake cross-claim. Accordingly, Hood Lanco is not a necessary party to that action as Manhattan contends. The question of Manhattan's liability, if any, under the indemnity provision of the construction contract with Westlake is entirely separate from the court's construction of the language of the settlement agreement between Manhattan and Hood Lanco. The trial court did not abuse its discretion in severing the two causes and, thus, point of error number four is overruled.

The judgment of trial court is affirmed.