# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 01-40656

(Summary Calendar)

_____

EDWARD ALLEN BOLES, Individually and as Representative of the Estate of Deborah Leigh Boles; JUANITA RUTH WALKER BOLES, Individually and as Representative of the Estate of Deborah Leigh Boles

Plaintiffs - Cross Defendants - Appellees,

versus

BOMBARDIER INC; ET AL

Defendants

ASHLIE M LEWIS

Cross Claimant - Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 2:00-CV-10-TJW

_____

January 21, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Appellant Ashlie M. Lewis ("Lewis") appeals the district court's order granting Appellees Edward Allen Boles and Juanita Ruth Boles' ("Boles") motion for summary judgment. The district court held that Lewis was not entitled to recover from the Boles based on the indemnity provision in the settlement agreement signed by the parties. On appeal, we must determine whether the district court's order was a final judgment as defined in 28 U.S.C. § 1291, whether the district court correctly held that Lewis was not entitled to indemnity, and whether the court correctly dismissed Lewis' additional breach of contract claim.

We review a motion for summary judgment de novo, applying the same standard as the district court. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001). A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. *Id.*

This appeal arises out of a product liability suit filed by Boles against Bombardier, a manufacturer of personal watercrafts. The Boles' daughter Deborah was fatally injured in 1998 when a personal watercraft manufactured by Bombardier (and driven by Lewis) crashed into the watercraft driven by Deborah Boles. The Boles brought a previous action against Lewis, which settled with the execution of an agreement under which the Boles agreed to indemnify Lewis against all future claims or actions arising out of the accident asserted "by, through, and/or under" the Boles.

About a year after the settlement with Lewis was executed, the Boles brought suit against Bombardier. Alleging that Lewis was the proximate cause of the Boles' damages, Bombardier filed a third-party claim against Lewis. Lewis answered Bombardier's third-party claim by denying culpability, and asserting a cross-claim against the Boles for reimbursement of defense costs pursuant to the indemnity provision in the settlement agreement. The Boles subsequently settled their claims

against Bombardier, and the action was dismissed with a "take-nothing" judgment in favor of Bombardier. Bombardier's third-party claim against Lewis was also dismissed, and the only claim remaining was Lewis' cross-claim against the Boles.

The Boles then moved for summary judgment, arguing that the indemnity clause did not cover Lewis' claim. While this motion was pending, Lewis requested leave of the court to amend her pleadings to include a breach of contract claim. The District Court entered an order granting Boles' motion for summary judgment and Lewis' motion for leave to amend her counter-claim, and denying all other pending motions.

## I

We have jurisdiction over appeals from final decisions of the district court. For a decision to be final, it must "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). In multiparty litigation, the claims and liabilities of all the parties must be finally adjudicated, or the court must expressly determine there is no just reason for delay and direct an entry of judgment. *Riley v. Wooten*, 999 F.2d 802, 804 (5th Cir. 1993).

Because the district court properly considered and dismissed all of the outstanding claims in this action, this court has appellate jurisdiction under 28 U.S.C. § 1291. The claim between Boles and Bombardier terminated when the district court entered a take nothing judgment in favor of Bombardier, leaving only the claim by Lewis against Boles. Later, the district judge granted Lewis' motion to amend the counter-claim, granted the Boles' motion for summary judgment, and denied all remaining motions. Because all of the parties' claims were finally adjudicated by this order, the judgment was properly appealed to this court.

## II

The District Court, applying Texas law in this diversity action, concluded that the cross-action between Bombardier and Lewis was not an action covered by the scope of the indemnity agreement signed by the parties. We agree. The settlement agreement between Boles and Lewis contained the following language regarding indemnification:

> . . .Plaintiffs [Boles], . . . HAVE AGREED TO AND DO HEREBY INDEMNIFY AND HOLD HARMLESS the Defendants [Lewis] from any and all claims, demands, actions and causes of action of whatsoever nature or character, INCLUDING CLAIMS BASED UPON THE FAULT OR NEGLIGENCE OF THE DEFENDANTS, which have been or which may hereafter be asserted by any person, firm, or corporation claiming *by, through, and/or under the Plaintiffs* arising out the incident made the basis of the Lawsuit. (emphasis added).

In a case with remarkably similar facts, a Texas court interpreted such "by, through and/or under" language to prohibit recovery under an indemnity clause. In *Manhattan Construction Co. v. Hood Lanco,* an indemnity provision was executed in favor of a settling party (Manhattan), covering any claims that occurred by, through, or under the original plaintiff (Hood Lanco). 762 S.W.2d 617, 618-19 (Tex. App. – Houston 1988, writ denied). When another defendant (Westlake) sued by the plaintiff filed a claim against Manhattan seeking indemnity, Manhattan filed suit against Hood Lanco (the original indemnitor) arguing that the indemnity provision in the settlement agreement required Hood Lanco to indemnify it against Westlake's claim. *Id.* at 619. The court, applying the plain meaning of the clause, held that Manhattan could not recover because Westlake's subsequent claim did not arise "by, through and under" Hood Lanco's (the original plaintiff's) original claim for damages. *Id.* Likewise, in this case, Bombardier brought the action against Lewis under the authority of a Texas statute permitting joinder of responsible tort-feasors. TEX. CIV. PRAC.& REM.

-4-

CODE ANN. § 33.004 (Vernon 1997) (governing joinder of responsible third parties). This is an independent statutory ground, not related to the original claim filed by the Boles.

Therefore, we agree with the district court's determination, and hold that Bombardier's claim against Lewis is not covered by the scope of the indemnity clause.

**III**

Lewis claims on appeal that the district court improperly granted summary judgment when it failed to consider the breach of contract claim raised in her amended pleadings. We reject this argument, because it is clear from the court's order that the court granted Lewis' motion requesting leave to amend her pleadings and considered her breach of contract claim.[1] Regardless of whether the amended claim is addressed by the moving party in its motion for summary judgment, when leave is granted to amend the pleadings, the motion for summary judgment is considered to apply to the pleadings as amended. *See* 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §2722 (3d ed. 1998); *Index Fund, Inc. v. Hagopian*, 609 F. Supp. 499, 503 (S.D.N.Y. 1985) (stating that when motion for summary judgment and motion to amend the pleadings are presented together, the motion for summary judgment is considered in light of the amended pleadings); *cf. Shawnee Int.'l v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (considering motion for 12(b)(6) dismissal and amended pleadings, and dismissing complaint as amended under 12(b)(6)). Therefore, the court properly considered the breach of contract claim.

---

[1] The court's order specifically refers to the amended claim adding breach of contract, stating: "The court grants and has considered Lewis' Amended Cross Claim. Cross Plaintiffs amended the complaint to include additional allegations of breach of contract. The construction of the indemnity clause will address all claims and motions submitted by the parties." *Boles v. Bombardier*, No. 2:00-CV-10 (E.D. Tex. May 16, 2001) (order granting summary judgment and motion to amend counter-claim, and denying all remaining motions).

The district court did not error by dismissing Lewis' breach of contract claim. This claim is based solely on the settlement agreement, under which the Boles contractually agreed to indemnify Lewis. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (evaluating indemnity claim as "straight-forward breach of contract claim"). Because we have already determined the contractual provision at issue does not entitle Lewis to recovery, Lewis' breach of contract claim also fails on the merits.[2]

For the foregoing reasons, the district court's order is AFFIRMED.

---

[2] Lewis argues in her brief that the Boles violated the settlement agreement with Lewis by "filing the suit [against Bombardier] and creating the procedural mechanism that gave rise to the suit against Ashlie Lewis." We are not persuaded by this argument. First, the settlement agreement prevented only future suits against Lewis, not any other party. Second, Lewis' sole claim is for recovery of defense costs, a claim arising only under the indemnity provision of the settlement agreement.